## MOTON & SON v. OTIS HULL.
### No. 6440.

1. **Injunction.**—If the averments of a petition for injunction are of such a character as would make it the duty of the court to enjoin the defendant from instituting or conducting legal proceedings in Texas, it is a proper case for restraining him by sim ilar process issued by a Texas court from prosecuting like legal proceedings in the courts of another State. The courts of Texas may compel its citizens to respect its laws beyond its territorial jurisdiction.

2. **Same.**—When both plaintiff and defendant are subject to the jurisdiction of the court the plaintiff may obtain an injunction to restrain the defendant from prosecuting a garnishment suit in another State to subject to the payment of debt the plaintiff's wages, when no law exists in the State where the suit was begun which affords the protection given by the laws of Texas.

APPEAL from Grayson. Tried below before Hon. H. O. Head. The opinion states the case.

*F. S. Fears* and *J. W. Finley*, for appellants. — 1. The court erred in perpetuating the injunction, because the bill showed no equities, it failing to allege that plaintiff was a nonresident of Missouri or a resident of Texas when suit was brought in Missouri, or if sufficiently alleged that he was a nonresident of Missouri and a resident of Texas, then he had his remedy at law without resorting to equity; and the bill does not tender or offer to pay the amount due. Malone v. Craig, 22 Texas, 609; Carter v. Griffin, 32 Texas, 212; Martin v. Sykes, 25 Texas Supp., 197; Jennings v. Moss, 4 Texas, 452; Ct. App. C. C., secs. 992, 495; Hall v. Jackson, 3 Texas, 309; Denison v. League, 16 Texas, 408.

2. If neither appellant nor appellee was a resident of Missouri at the time suit was brought there or subsequent thereto, and neither was temporarily there, and the appellee did not submit to the jurisdiction and no property was brought under the court's control, the courts of Missouri had and have no jurisdiction, and no judgment can be rendered against appellee or the Missouri Pacific Railway Company, and no injunction is necessary. Pana v. Bowler, 107 U. S., 545; St. Clair v. Cox, 106 U. S., 353; Pennoyer v. Neff, 95 U. S., 714; 59 Texas, 5; Schmidt & Leigler v. Stern & Martin, 2 Ct. App. C. C., secs. 91–94; Drake on Att., secs. 451b, 460, 461, 677; Rev. Stats., arts. 194, 205; Wade on Att., secs., 399, 405; Laidlaw v. Morrow, 44 Mich., 547.

3. The courts of Missouri having no jurisdiction, the appellee had a legal remedy by (1) pleading to the jurisdiction there, or (2) bringing suit in Texas against either the appellants Moton & Son or the Missouri Pacific Railway Company; and no injunction should have been issued or perpetuated. Ct. App. C. C., sec. 991; Hill. on Inj., 178; 66 Texas, 456; 1 High on Inj., secs. 28, 89, 90, 93, 125; Richards v. Kirkpatrick, 53 Cal., 433; People v. Wasson, 64 N. Y., 167; Railway v. Reynolds, 4 West. Rep.,

638; Metcalf v. Gilmore, 59 N. H., 417; Mead v. Merritt, 2 Paige, 404; Bicknell v. Field, 8 Paige, 443; Venice v. Woodruff, 62 N. Y., 462; Laidlaw v. Morrow, 44 Mich., 547.

4. The appellee did not offer to do equity by paying appellants what he justly owed them, and was not entitled to the writ of injunction. Goldfrank, Frank & Co. v. Young, 64 Texas, 438; High on Inj., secs. 443, 1116–21, 1130; Story's Eq., secs. 64e, 301.

*Gilbert, Pasco & Russell* and *Standifer & Moseley,* for appellee. — 1. The petition and evidence sufficiently show that appellee Hull was a resident of Texas and a nonresident of Missouri at the time suit was brought in Sedalia.

2. Equity will not permit a citizen of this State to resort to courts of other States to do any act forbidden by the laws of this State, or for the purpose of evading the exemption laws of this State. Snook v. Snetzer, 25 Ohio St., 516; High on Inj., 2 ed., sec. 106; Keyser v. Rice, 47 Md., 203; Dehon v. Foster, 4 Allen, 545; Engel v. Scheuerman, 40 Ga., 206; Cunninghan v. Butler, 5 East. Rep., 725; Zimmerman v. Franke, 34 Kans., 650; Railway v. Maltbie, 34 Kans., 125.

HOBBY, JUDGE.—The appellee brought suit in the District Court April 18, 1887, to restrain appellants from prosecuting a garnishment suit in Justice Court, Sedalia, Missouri, in which the Missouri Pacific Railway Company was garnishee and appellee defendant. The petition alleged that all parties reside in Grayson County, Texas; that appellee's claim against said railway company was current wages for personal service, and that the resort to the Missouri court was in fraud of our laws and to subject exempt property to the payment of appellants' claim.

Appellants moved to dissolve the injunction (1) for want of jurisdiction to issue it; (2) because no ground is shown for equitable interference, the plaintiff having a complete remedy at law; (3) for the reasons set forth in the sworn answer, said answer alleging, amongst other things, that plaintiff was justly indebted to defendant, which he refused and failed to pay, and that the sole object of bringing the suit in Missouri was to collect said debt and not in fraud of our courts or laws.

This motion was overruled by the court. A trial was had and judgment was rendered June 2, 1887, in favor of plaintiff for costs and perpetuating the injunction. From this judgment the defendants appeal.

The leading question in the case, presented under assignments in proper form, is whether the courts of this State have the power upon the petition of a resident of this State, to whom current wages for personal services are due, to restrain through the process of injunction a citizen of the county in which the suit by injunction is commenced from proceeding in another State by a writ of garnishment to seize such current wages

for personal service, with the purpose of evading by such garnishment proceeding the Constitution and laws of this State, which expressly exempt from such seizure or attachment said current wages.

The correct rule upon this subject we understand to be is that if the averments of the petition for injunction are of such a character as to make it the duty of the court to restrain or enjoin the party from instituting or conducting like proceedings in a court of this State, it would be a proper case for restraining him by a similar process from prosecuting such suit in the courts of another State. Dehon v. Foster, 4 Allen, 550.

In the case of Snook v. Snetzer, 25 Ohio State, 519, and Dehon et al. v. Foster et al., 4 Allen, it was declared to be clear and indisputable that a court of chancery, upon the statement of a proper case, possessed the power to restrain persons within its jurisdiction from prosecuting suits either in its own courts or of other States or foreign countries.

This power or authority is exercised upon the ground of the right of the State to compel its citizens to respect its laws beyond its territorial jurisdiction.

"Although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their territorial limits. When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act *in personam* upon those parties, and direct them by injunction to proceed no further in such suit." Such is the principle laid down by Mr. Justice Story. Story's Eq., sec. 899.

The exercise of this power does not proceed upon any claim of right to interfere with or in any manner control or stay the proceedings in the courts of another State, but upon the ground that the person to whom the restraining process is directed is residing within the court's jurisdiction, and that he is in the power of the court issuing such process. Keyser v. Rice, 47 Md., 213.

The decree acts directly on the person, and its validity as to him is not affected by the fact that it does not extend to the court in which the proceedings are directed to be restrained.

In Snook v. Snetzer, 25 Ohio State, 516, it was decided that a citizen of Ohio could be enjoined from prosecuting on attachment in another State against a citizen of Ohio to subject to the payment of his claim the earnings of the debtor, which by the laws of Ohio were exempt from the payment of such claim. See also Engel v. Scheuerman, 40 Ga., 209.

In Keyser v. Rice, 47 Maryland, *supra,* it was held in effect that it was against equity for a creditor to evade the laws of his own country in order to thereby obtain a preference over other creditors. As such was the necessary effect of the garnishment proceeding in Missouri, such will be presumed to have been the purpose of the creditor in this case.

We are of opinion that the court rightly perpetuated the injunction. Whart. on Conf. of Laws, sec. 711a. The petition we think sufficiently alleged that the residence of plaintiff was at the time of the proceedings in garnishment in this State. The petition was filed April 18, 1887, and alleged that appellants and appellee reside in the city of Denison, in said county of Grayson, "where they were, are, *and for several years have been residents;* that on March 18, 1887, and for many months prior thereto appellee had been engaged in the employ of the Missouri Pacific Railway Company, in the shops of said company in the city of Denison, said county and State; that on March 12, 1887, the garnishment suit was instituted in Sedalia," etc. The evidence fully sustained these averments.

There is no error in the judgment, and we think it should be affirmed.

*Affirmed.*

Adopted April 29, 1890.