## DONNELLY v. MORRIS.

(*Superior Court of New York City, General Term.* January 5, 1891.)

INJUNCTION—WHEN LIES—ACTION ON NOTE—EQUITIES.

The payment of a note given by one partner to another out of partnership assets, pursuant to an agreement between the parties, or the failure of the payee to apply such assets to its payment, do not create such equities in favor of the maker as to entitle him to an injunction against an action on the note in another state pending a suit for an accounting.

Appeal from special term.

Action by Hugh Donnelly against George B. Morris. Plaintiff and defendant were copartners in business in New York city since 1877, and this action is for an accounting. During the partnership plaintiff gave to defendant a non-negotiable promissory note for about $1,300, secured by a policy of insurance on the life of plaintiff. The defendant received the moneys of the partnership, and was to apply the plaintiff's share to the payment of the note. Plaintiff claims that the note was fully paid in defendant's hands by moneys so received. In August, 1890, long after such alleged payment, while the plaintiff was temporarily in Massachusetts, an action was begun by defendant against the plaintiff to recover upon the note. Both parties reside in New York, and have so resided all the time. Plaintiff applied for an order restraining defendant from proceeding in the Massachusetts action during the pendency of this action for an accounting. From the order refusing an injunction this appeal is taken.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Laroy S. Gove*, for appellant. *George S. Bliss*, for respondent.

PER CURIAM. The plaintiff did not establish any equity upon the motion. The supposed equity was founded upon the application by defendant to the payment of the note of partnership assets, or the defendant's breach of his agreement to apply those assets to the payment of the note. Either contingency does not create an equity. All of it is that it is inconvenient to ascertain the facts, and to go to Massachusetts to defend the action there. This is not ground of equitable interference. Order affirmed, with $10 costs.