## JOHN A. LIGHTFOOT v. J. W. MURPHY ET AL.

### Decided June 22, 1907.

**1.—Jurisdiction—Nonresidents.**

The courts of Texas have no authority, upon the petition of a resident citizen of another State to whom current wages for personal services are due in Texas, to restrain by injunction another resident of such State, from proceeding in the latter State by a writ of garnishment to subject to the payment of his debt the current wages of his debtor which, by the laws of Texas, are exempt from being applied to the payment of such debt.

**2.—Same—Exemption Laws.**

The exemption laws of Texas were enacted primarily for the benefit of Texas citizens, and it was not intended that nonresidents should invoke such laws in our courts to enjoin proceedings which might be instituted against them by their fellow-citizens in the courts of their domicile.

**3.—Injunction—Remedy at Law.**

Courts of equity will not entertain jurisdiction when there is a plain and adequate remedy at law.

**4.—Damages—Detention of Money.**

The wrongful detention of money due and payable is a legitimate element of actual damages; but the measure of such damages is the legal interest on the money for the length of time detained.

Error from the County Court of Bowie County. Tried below before Hon. Sam. H. Smelser.

*Hart, Mahaffey & Thomas,* for plaintiff in error.

No brief for defendants in error.

TALBOT, ASSOCIATE JUSTICE.—This action was instituted in the County Court of Bowie County, on April 5, 1906, by J. W. Murphy, a resident citizen of Miller County, Arkansas, against John A. Lightfoot and his attorney, W. G. Cook, also resident citizens of Miller County, Arkansas, and the Texas & Pacific Railway Company, a corporation operating a railroad in Texas.

By the suit Murphy seeks to enjoin John A. Lightfoot and W. G. Cook, his attorney, from the further prosecution of a certain suit pending in the Circuit Court of Miller County, Arkansas, wherein Lightfoot is the plaintiff and Murphy the defendant, and the Texas & Pacific Railway Company is garnishee. This suit Murphy alleges

was begun by Lightfoot before H. P. Hudgins, a justice of the peace of Miller County, Arkansas, on December 14, 1905, and by it Lightfoot seeks to recover of Murphy an indebtedness of $185, and has caused a writ of garnishment to be served upon the Texas & Pacific Railway Company in said county. Murphy alleged that he had appealed said cause to the Circuit Court of Miller County, Arkansas; and further alleged that the Texas & Pacific Railway Company, when Lightfoot instituted his suit and procured the writ of garnishment, was indebted to him in the sum of about $240, due him as current wages for personal services performed by him for it wholly in the State of Texas; that if Lightfoot was permitted to further prosecute his suit in Miller County, Arkansas, he would be deprived of his said current wages by the courts of that State. He prays that the Texas & Pacific Railway Company be enjoined from carrying said amount of money out of the State of Texas and tendering it in said cause in Miller County, Arkansas, or in any other jurisdiction, alleging that said sum is exempt to him under the Constitution and laws of Texas.

It was further alleged that Lightfoot instituted said suit wilfully and maliciously for the purpose of causing Murphy to lose his position with the Texas & Pacific Railway Company and for the purpose of injuring him in business, name, fame and reputation among his neighbors; that said suit of Lightfoot had caused the railway company, garnishee, to withhold from him his current wages in the sum of $240.35, for all of which he prayed actual damages in the sum of $440.35, and exemplary damages in the sum of $500.

A temporary writ of injunction was issued as prayed for by Murphy, and on July 17, 1906, the case came on for trial in the County Court of Bowie County; the Texas & Pacific Railway Company appeared and answered that it was merely a stakeholder and impartial party in the contest between Murphy and Lightfoot. Lightfoot failed to answer and W. G. Cook, not having been served, the plaintiff dismissed as to him. Thereupon judgment was rendered by default against Lightfoot perpetuating the temporary injunction, enjoining him from further prosecuting his said suit in the Circuit Court of Miller County, Arkansas, against Murphy and the Texas & Pacific Railway Company as prayed by Murphy, and judgment was further rendered to the effect that Murphy recover of Lightfoot the sum of $100 as actual damages, and all costs of the suit.

Defendants in error have entered no appearance in this court, and we are not advised by brief, or otherwise, of the ground upon which the judgment of the lower court was based. The plaintiff in error contends, under his first assignment, that the trial court erred in rendering judgment by default against him perpetuating the injunction, whereby he was restrained from the further prosecution of his suit in Miller County, Arkansas, against the defendants in error, Murphy, and the railway company, because it appears from Murphy's petition filed in this suit that the said Murphy and the plaintiff in error, Lightfoot, are both resident citizens of Miller County, and State of Arkansas, and said petition is wholly insufficient in law or equity

to entitle the said Murphy to such relief. The petition, upon which the judgment complained of was rendered, charged, as claimed, that Murphy and Lightfoot were both resident citizens of the said county of Miller and State of Arkansas, and the question arises: Have the courts of the State of Texas authority, upon the petition of a resident citizen of the State of Arkansas, to whom current wages for personal services are due, to restrain by injunction another resident of the State of Arkansas, from proceeding in the latter State by a writ of garnishment to subject to the payment of his debt such current wages of his debtor, which, by the laws of Texas are exempt from being applied to the payment of such debt. We are of the opinion this question should be answered in the negative. That the courts of this State have authority, upon the petition of a resident, to restrain a citizen of the county in which the action is commenced from proceeding in another State to attach by the writ of garnishment such earnings of his debtor, with a view to evade the exemption laws of this State, and to prevent such debtor from availing himself of the benefit of such laws, is well settled. Moton & Son v. Hull, 77 Texas, 80. Mr. Justice Story states the principle thus: "But, although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their own territorial limits. When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act *in personam* upon those parties, and direct them, by injunction, to proceed no further in such suit. In such a case, these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject matter of the dispute, they consider the equities between the parties, and decree *in personam* according to those equities; and enforce obedience to their decrees by process *in personam*." Story's Eq. Jur., sec. 889. "In exercising this authority, courts proceed, not upon any claim of right to control or stay proceedings in the courts of another State or country, but upon the ground that the person on whom the restraining order is made resides within the jurisdiction and is in the power of the court issuing it. The order operates upon the person of the party, and directs him to proceed no further in the action, and not upon the court of the foreign State or country in which the action is pending." Snook et al. v. Snetzer, 25 Ohio St., 519; Dehon v. Foster (Mass.), 4 Allen, 545; Keyser v. Rice, 47 Md., 213; Cole v. Cunningham, 133 U. S., 107. But we are aware of no authority, and believe none can be found, to authorize the courts of one State to interfere between citizens of another State with respect to proceedings instituted and being litigated between them, in the courts of their residence. As argued by counsel for plaintiff in error, "the exemption laws of Texas were enacted primarily for the benefit of Texas citizens, and it was not intended that nonresidents should invoke such laws in our courts to enjoin proceedings which might be instituted against them by fellow citizens, in the courts of their domicile." The reason for permitting one of her own citizens

to restrain, by injunction, another such citizen from prosecuting in the courts of a foreign jurisdiction an action whereby her exemption laws may be evaded does not exist in a case like the one under consideration. As said in the case of Moton & Son v. Hull, supra: "This power or authority is exercised upon the ground of the right of the State to compel its citizens to respect its laws beyond its territorial jurisdiction." In such a case both parties to the suit in the foreign jurisdiction being residents of the State and county where such relief is sought, the courts of equity, in the latter, may act *in personam* upon them and enforce an order made that they "shall proceed no further in such suit." On the other hand, the courts of Texas have no authority to direct a citizen of a sister State, at the instance of another citizen of such State, to respect and obey the laws of Texas beyond the territorial limits of Texas, and the inability of her courts to enforce the writ, if granted in such a case, is a good ground for refusing an injunction to restrain proceedings in the courts of that State. For these reasons alone the injunction granted in this case should have been denied.

But there is another reason why the writ should have been denied in this instance. It is a familiar and well established rule that courts of chancery will not entertain jurisdiction when there is a plain and adequate remedy at law. Now Murphy's petition in the case at bar does not allege, nor does it otherwise appear, that his wages garnished at the suit of plaintiff in error in Miller County, Arkansas, were not exempt from garnishment under the laws of that State. The general allegation that if Lightfoot is permitted to prosecute said suit, defendant in error will be deprived of said wages, will not suffice. In the absence of such averments and showing, the law of the State of Arkansas will be presumed to be the same as the law of this State upon the subject, namely, that said wages are exempt from garnishment or other species of attachment. If, therefore, Murphy's current wages for personal services were exempt from garnishment in the State of Arkansas he had an adequate remedy at law in that State for the protection of his earnings and there existed no cause for the interference by injunction on the part of the courts of this State.

It follows that defendant in error's petition upon this phase of the case was obnoxious to a general demurrer and therefore not sufficient to support the judgment by default perpetuating the injunction.

It is further contended, in effect, that the petition of the defendant in error fails to state any facts entitling him to recover any actual damages whatever, and therefore subject to a general demurrer and insufficient to support the court's judgment on this branch of the case. To this contention we do not agree. Aside from the general allegations upon which exemplary damages are sought to be recovered, it is alleged that the suit complained of "did cause the Texas & Pacific Railway Company to withhold from him, the said Murphy, his current wages in the sum of $240.35; that the said $240.35 are due and payable to him long since, and would have been paid except for the malicious and wilful act and conduct of the said Lightfoot, and that the use of said money since the said 14th day of December, 1905,

is reasonably worth, and of the value, of $100." This was a legitimate element of actual damages and sufficiently alleged to authorize a recovery, if defendant in error was otherwise entitled thereto. We are of the opinion, however, as is insisted under the fourth assignment of error, that the judgment for one hundred dollars actual damages is excessive. No facts authorizing a recovery for actual damages were alleged, except those above stated for the detention of the money, and the measure of such damages is the legal interest on the money for the length of time detained, and should have been limited to such sum. Biering v. First Nat. Bank, 69 Texas, 601; Waugh v. Dabney, 12 Texas Civ. App., 290; Girard v. Moore, 86 Texas, 676.

We have been asked to reverse and dismiss the case. It does not appear that Murphy is seeking to recover damages for the suing out of the writ of garnishment by reconvention in Lightfoot's suit against him in Arkansas, and in view of the allegations for actual damages just discussed, and the presumption which must be indulged, in the absence of allegations to the contrary, that defendant in error's wages are exempt from garnishment proceedings in Arkansas, we do not feel authorized to do so. If, however, it should appear upon another trial that such wages are not exempt we think the entire cause, upon application, should be dismissed. For independently of whether or not Murphy's current wages were exempt from the process of garnishment in Arkansas, he was not, as has been shown, entitled to the writ of injunction granted and perpetuated, because both he and Lightfoot were residents of Arkansas; and if said wages were not so exempt, then it does not appear from the allegations of the petition in this suit that the garnishment proceedings sought to be enjoined were wrongfully and illegally instituted. If legal grounds existed for the issuance and service of the writ of garnishment, no actual damages can be recovered therefor, and without a recovery for actual damages no exemplary damages are recoverable, however maliciously Lightfoot may have acted in the suing out of said writ.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*