WADE v. CRUMP. (No. 1425.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 11, 1915.)

1. INJUNCTION ☞33 — SUITS IN OTHER
STATES — RESTRAINING PROSECUTION —
GROUNDS.

Injunction does not lie to restrain defendant, a resident, from prosecuting his action in a sister state against petitioner, a resident, on the ground that petitioner will be deprived of his right to be sued in the county of his residence.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 70, 71; Dec. Dig. ☞33.]

2. INJUNCTION ☞118 — SUITS IN OTHER
STATES — RESTRAINING PROSECUTION —
GROUNDS.

A petition for an injunction to restrain defendant from prosecuting his action against petitioner in a sister state, which states that the suit in the sister state was to harass petitioner, but which states no facts in support of it, and which does not show that he will not be accorded the right to interpose every defense available in Texas, and which avers that he will be compelled to incur expenses in defending the suit, but not stating that the expenses would be greater than would be incurred in Texas, states no cause for relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223-242; Dec. Dig. ☞118.]

3. EVIDENCE ☞10—JUDICIAL NOTICE—LOCATION OF COUNTIES.

The court judicially knows that Bowie county lies along the eastern border of Texas, adjacent to the Arkansas line.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 9-14; Dec. Dig. ☞10.]

4. VENUE ☞32—RIGHT TO BE SUED IN COUNTY OF RESIDENCE—PERSONAL PRIVILEGE.

The right of defendant to be sued in the county of his residence, though a valuable right, is only a personal privilege which may be waived.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47-50; Dec. Dig. ☞32.]

5. COURTS ☞514—JURISDICTION—COMITY.

Where a case may be brought in either of two courts, the one first obtaining jurisdiction will retain it, and this extends on principles of comity to cases brought in the courts of sister states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1434-1436; Dec. Dig. ☞514.]

6. COURTS ☞516 — JURISDICTION — FOREIGN
COURTS.

Where complete justice may be done, as between citizens of Texas, in a suit in the courts of the sister state, a court of Texas will not interfere to prevent the foreign suit, unless there is oppression or fraud, and the mere fact that the judgment obtained in the sister state is not enforceable against property in Texas, unless a second judgment is obtained in Texas, is not alone ground for injunctive relief.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1441, 1442; Dec. Dig. ☞516.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by C. C. Crump against M. C. Wade. From a judgment for plaintiff, defendant appeals. Reversed.

R. P. Dorough, R. W. Rodgers, and C. A. Wheeler, all of Texarkana, for appellant. R. H. Jones, of De Kalb, for appellee.

HODGES, J. On December 2, 1914, the appellee, C. C. Crump, filed a petition asking for a writ of injunction restraining the appellant, M. C. Wade, from prosecuting a suit against the appellee in the circuit court of Miller county, Ark. The petition alleges, in substance, that both the appellee and the appellant reside in Bowie county,. Tex., are citizens of the state of Texas, and have been such for many years; that some time during the year 1914 the appellant, Wade, instituted a suit against the appellee in the circuit court of Miller county, Ark., in which he seeks to recover the sum of $600 claimed as commissions for a land sale; that the appellee does not own any property in Miller county, Ark., which might be subjected to the payment of a judgment. It is further alleged that the suit referred to was instituted for the purpose of harassing and annoying the appellee; that if its prosecution is permitted the appellee will be compelled to employ attorneys to defend the suit, at a cost to him of about the sum of $600. He also alleges that under the laws of the state of Texas he is entitled to be sued in Bowie county, the county of his residence. The petition concludes with a prayer for a writ of injunction restraining the appellant from further prosecuting the suit in Miller county, Ark. Upon presentation of the petition, the court entered an order directing the writ to issue upon the plaintiff's executing a bond in the sum of $250 conditioned as required by law. The bond was subsequently executed and the writ issued. This appeal is from that order.

[1-3] The only question presented is: Do the facts alleged in the petition state grounds for granting this writ? It has been held in this state that, if the averments of the petition for an injunction are of such a character as to make it the duty of the court to restrain or enjoin the party from instituting or conducting like proceedings in a court of this state, it would be a proper case for restraining him by a similar process from prosecuting such a suit in the courts of another state. Moton v. Hull, 77 Tex. 80, 13 S. W. 849. That was a case in which a citizen of this state was restrained from prosecuting a suit against another citizen of this state in Missouri. The petition alleged that the prosecution of the suit in the foreign state was for the purpose of evading the laws of this state exempting current wages for personal services from garnishment. The rule there announced is recognized and followed in many other jurisdictions. See notes to Rader v. Stubblefield, 10 Ann. Cas. 20. But in the case before us the only ground presented as the basis for the issuance of this writ is the right of a resident of this state to be sued in the county of his residence. It is not contended that in the circuit court of Miller county, Ark., where the suit

is pending, the petitioner will not be accorded the right to interpose every defense that might be urged in a court of this state. Neither is it alleged that the prosecution of that suit will have the effect of depriving the appellee of any property right which could not be taken from him had the suit been prosecuted in a court of this state. It is true that the petition does state that the suit in Arkansas is for the purpose of harassing the petitioner; but that averment is a mere conclusion of the pleader, unaccompanied by any facts to sustain it. It is also alleged that the complainant will be compelled to incur expense in employing attorneys to defend that suit, but it is not stated that those expenses will be greater than what would probably be incurred in making a similar defense in a court of this state. We judicially know that Bowie county lies along the eastern border of Texas, next to the line of Arkansas. If we may not also judicially know that Miller county lies adjacent to and east of that line in Arkansas, we may at least assume that such a geographical arrangement may exist, in the absence of any averments to the contrary. If this should be true, it may be just as convenient and no more expensive to the parties to prosecute and defend this litigation in Arkansas than it would be in Texas.

[4] The mere fact that the appellee will be deprived of the right · to be sued in the county of his residence furnishes no ground for interfering by injunction with the jurisdiction of another court. While it is true this is a valuable right, it is only a personal privilege which may be waived. Ward v. Odem, 153 S. W. 634. To sue one in a county other than that of his residence is not a legal wrong for which such party may claim redress. It deprives him of no property, but, on the contrary, merely ignores a privilege which can be made available only by its timely assertion.

[5] As said in Carson v. Dunham, 149 Mass. 52, 20 N. E. 312, 3 L. R. A. 202, 14 Am. St. Rep. 397:

"The general rule is that, where a case may be brought in either of two tribunals, that court which obtains jurisdiction of the case retains it; and this extends upon principles of comity to cases of conflicting suits brought in the courts of sister states. This court, in the exercise of its judicial discretion, will not restrain the prosecution of such a suit unless a clear equity is made out, requiring the interposition of the court to prevent a manifest wrong and injustice, or a clear waiver of our laws which should govern the rights of the parties."

[6] If full and complete justice may be done as between the citizens of the same state in a suit in the courts of a sister state, a court of this state will not interfere to prevent the foreign suit unless there is oppression or fraud. And the fact that the defendant who is sued in the courts of a sister state prefers to have the matter determined by the courts of his domicile is no ground for an injunction against the plaintiff, if the courts have concurrent jurisdiction. Wyeth Hardware Co. v. Lang, 127 Mo. 242, 29 S. W. 1010, 27 L. R. A. 651, 48 Am. St. Rep. 626; Bellows Falls Bank v. Rutland R. R. Co., 28 Vt. 407; Donnelly v. Morris (Super. N. Y.) 13 N. Y. Supp. 427. It is clear that, if a judgment is rendered against the appellant in the suit complained of, before any property of his can be subjected to that judgment a second judgment will have to be obtained in this state. This condition, so far from being a ground for the issuance of a writ of injunction, may be regarded as a reason why it should not issue. If the appellee desires to avoid the expense and trouble of a second suit, he can do so by satisfying the judgment in Miller county should one be there rendered against him.

The judgment of the district court will therefore be reversed, and the order granting the temporary writ vacated, and all costs of this court adjudged against the appellee.