**WEST TEXAS COMPRESS & WAREHOUSE CO. v. PANHANDLE & S. F. RY. CO. et al.   (No. 2993.)**

Court of Civil Appeals of Texas. Amarillo. May 16, 1928.

Rehearing Denied June 20, 1928.

**1. Injunction ⚖⇒57—Compress company could not enjoin railroad from delivering cotton, designated in bill of lading to be compressed by it, to rival.**

In suit to enjoin railway from delivering cotton to rival compress company, where two cars of cotton designated in bill of lading were to be compressed by plaintiff, but as to future shipments of cotton no contractual relationship existed which would authorize interposition of court of equity, *held*, that plaintiff was not entitled to injunction.

**2. Injunction ⚖⇒57—Injunction will be denied compress company seeking to enjoin railroad from delivering cotton to rival; suit for compress fees affording adequate legal remedy.**

In suit to enjoin railroad company from delivering cotton to rival compress company, where plaintiff had been assigned two cars by bill of lading which railroad had accepted, injunction must be denied since action was based upon refusal to deliver two cars, and legal remedy afforded by suit to recover compress fees was adequate.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by the West Texas Compress & Warehouse Company against the Panhandle & Santa Fé Railway Company and others.   The Texas Compress Association intervened by

agreement of parties. From an order dissolving a temporary injunction, the plaintiffs appeal. Affirmed.

Bean & Klett, of Lubbock, for appellant.

Terry, Cavin & Mills, of Galveston, Madden, Adkins & Pitkin, of Amarillo, and Roscoe Wilson, of Lubbock, for appellee Panhandle & S. F. Ry. Co.

Coates & Mastin, Cecil N. Cook, and John N. Jackson, all of Fort Worth, for appellee Lubbock Compress Co.

Callaway & Reed, of Dallas, for interveners Texas Compress Assn. et al.

Claude Pollard, Atty. Gen., and Joe S. Brown, and Galloway Calhoun, Asst. Attys. Gen., amici curiæ and for Railroad Commission of Texas.

RANDOLPH, J.   This suit was an injunction suit instituted by the appellant in the district court of Lubbock county against the Panhandle & Santa Fé Railway Company and the Lubbock Compress Company, as defendants.   By agreement of the parties, the Texas Compress Association was permitted to intervene in the case.

The plaintiff, in its petition, alleges that it is, and has been for several years, in the business of receiving, compressing, storing, and shipping cotton for pay in the city of Lubbock, Tex., and that the defendant Lubbock Compress Company is and has been engaged in a similar business during said period, just outside the city limits; that the plaintiff and defendant Lubbock Compress Company are and have been competitors in such business, and that the plaintiff is doing and has been doing and enjoying a large volume of business; that the plaintiff has complied with all the laws and regulations and is lawfully entitled to engage in the aforesaid business; that it promptly and faithfully performs its duties and is ready, willing, and able to take care of all business tendered it, but that the defendants have formed and entered into an unlawful conspiracy to wrong, injure, and damage the plaintiff and the plaintiff's business, and to defraud and discriminate against the plaintiff and the plaintiff's business, by agreeing and undertaking, the plaintiff alleges and believes, to prevent cotton "shipped and consigned for, compressed by plaintiff," and to prevent the plaintiff's receiving the pay for such service, and, on the contrary, divert and transfer such business to plaintiff's competitor, to wit, the Lubbock Compress Company, so that the latter company may do such compression and receive said fees; that the defendants are engaged in such unlawful practice and are carrying out such agreement, and that there are now in defendant's shipping yards at Lubbock, Tex., two carloads of cotton, to wit, car No. L V-5623 and car No. B. & O. 267592, that were shipped by the Texas Farm Bureau

Association from Levelland, Tex., to the Texas Farm Bureau, at Houston, Tex., for compression in transit at the West Texas Compress & Warehouse Company at Lubbock, Tex.; that the plaintiff is ready, willing, and able to receive said cotton and compress the same as it should be compressed, but that the defendants refuse to let the plaintiff have said cotton, but, on the contrary, declare that the cotton will be compressed and the fees paid to the Lubbock Compress Company, which fees in the particular case will amount to some $45 or $50; that it appears the defendants have entered into the aforesaid conspiracy and are threatening to carry out the same with reference to other cotton, compression of which will probably run into many thousands of bales, the compression fees of which are about $1 per bale.

The petition further alleges that notwithstanding the fact that the Texas Farm Bureau Association desires and intends for its cotton to be compressed by plaintiff, nevertheless the defendants are undertaking to prevent such cotton belonging to said Bureau from being compressed by plaintiff; that the cotton that plaintiff will likely receive for compression for said Bureau during the present season will probably amount to 10,000 bales, or approximately $10,000; that the practice, as aforesaid, will continue, and the plaintiff will suffer irreparable damages unless the defendants and each of them are restrained from interfering with cotton shipped to, intended, or marked for compression by plaintiff; that the plaintiff will likely suffer damages in the sum of $10,000 or more, unless the writ of injunction is granted, the plaintiff being without any other adequate remedy at law; that for a fuller statement of facts on which this petition is based, plaintiff's Exhibits A, B, C, D, and E are hereto attached and made a part hereof and sworn to.

Plaintiff's petition prays that temporary as well as permanent injunctions issue in its favor, restraining the defendants and each of them from preventing plaintiff from compressing cotton that is consigned for compression by plaintiff, and that they be further restrained from diverting such cotton or any cotton to the Lubbock Compress Company; that on final hearing such injunction be made permanent; also, that said railway company be restrained from refusing to issue or accept bills of lading marked to be compressed in transit at West Texas Warehouse & Compress Company, and that the plaintiff have such other and further relief to which it may be entitled either in law or equity.

This petition was duly sworn to, and on the 28th day of November, 1927, the judge of said district court indorsed thereon his fiat ordering the issuance of injunction as prayed for, on the plaintiff giving bond in the sum of $1,000, which bond was duly entered into and filed, and writ of injunction issued.

Each of the defendants filed pleas and motions to dissolve the temporary writ of injunction granted, as did the intervener. Upon hearing, the trial court entered his order dissolving the temporary injunction. From this order, appeal has been duly taken to this court.

[1] It appears from the record that the two cars of cotton described in the petition were accepted for shipment by the defendant Railway Company and that it issued a bill of lading with the notation thereon by the shipper that it was to be compressed at the appellant's compress. It is apparent that the appellant had the right to require the cotton designated in the bill of lading to be compressed at its compress, as it was the beneficiary under the contractual agreement— that is, the bill of lading so accepted by the defendant railway. But as to the future shipments of cotton, no such contractual relationship existed that would authorize the interposition of a court of equity, as the petition for the injunction did not show any outstanding contractual relationships with shippers, then in existence. This is not a suit by a shipper to compel the recognition of his right to have the cotton compressed at a compress of his own choice, but is, in effect, a suit to require the delivery to it (except as to the two cars) of cotton which may hereafter be shipped under direction of the shipper for compression by it. This contractual condition may not again arise.

[2] Further, as to the cause of action based upon the refusal to deliver the two cars of cotton, the appellant has its legal remedy in a suit to recover its compress fees. Where the party seeking the interposition of a court of equity is shown to have a full, complete, and adequate legal remedy, its application for an injunction will be denied. Railway Co. v. Wright (Tex. Civ. App.) 29 S. W. 1134; Id., 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Railway Co. v. Ellisor, 14 Tex. Civ. App. 706, 37 S. W. 972; Lightfoot v. Murphy, 47 Tex. Civ. App. 112, 104 S. W. 511; Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662; Hill v. Brown (Tex. Com. App.) 237 S. W. 252.

Taking this view of the appellant's cause of action, we do not deem it necessary to discuss the many other questions presented in the motion for rehearing.

The original opinion is therefore withdrawn, the motions for rehearing granted, and the judgment of the trial court is affirmed.