BRAND, Banking Commissioner, et al. v. EUBANK.

No. 4688.

Court of Civil Appeals of Texas. Texarkana.

March 20, 1935.

Rehearing Denied April 4, 1935.

McKinney & Berry, of Cooper, and Ocie Speer, of Austin, for appellants.

A. L. Robbins, of Clarksville, for appellee.

SELLERS, Justice.

Mrs. Eubank brought this suit upon the following verified petition:

"Now comes Mrs. T. A. Eubank, who resides in Red River County, Texas, hereinafter called Plaintiff; complaining of E. C. Brand, Banking Commissioner of the State of Texas, and of the Citizens' State Bank of Detroit, Texas, a state banking institution, doing business in Red River County, Texas, now, in liquidation and in charge of E. C. Brand, Commissioner of Banking of the State of Texas, who resides in Travis County, Texas, and upon whom service may be had, hereinafter called defendants; and for cause of action Plaintiff alleges:

"1. That she is the surviving wife of T. A. Eubank, deceased, who departed this life on January 22, 1931, leaving a will in which he made plaintiff, who is one and the same person as Bell Eubank, Independent Executrix and sole legatee.

"2. That at the time of the death of T. A. Eubank, his estate was insolvent and is at this time insolvent and plaintiff will receive nothing from his estate as sole legatee.

"3. That the last will and testament of the said T. A. Eubank was duly probated in the Probate Court of Red River County, Texas, on the 5th day of August, 1931, and the plaintiff, under the name of Bell Eubank, immediately took charge of all the property belonging to said estate and is administering said estate as executrix thereof.

"4. That the said T. A. Eubank, at the time of his death was indebted to the Citizens' State Bank of Detroit, Texas, defendant

herein, and his estate is still indebted to said Bank; that some time after the death of the said T. A. Eubank and before plaintiff had taken charge as administratrix of his estate, said Citizens' State Bank of Detroit, acting by and through its president, T. D. Wilson, and its cashier, F. D. Inzer, requested plaintiff to renew said indebtedness, stating that the Bank Examiner had criticized its being past due; that said officers presented to her, the following note to be signed by her in renewal of the said indebtedness of her said deceased husband to said Bank;

'Detroit, Texas, April 22nd, 1931 $3,289.55

'Mules 'Horse 'Crop 'Wagons 'Farming Implements

On demand after date, for value received, I, we or either of us promise to pay to the order of Citizens' State Bank Thirty Two Hundred Eighty Nine & 55/100 Dollars with interest from date at the rate of 8 per cent. per annum, payable annually at Citizens' State Bank, Detroit, Texas. We, the makers, sureties, endorsers and guarantors of this note hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest and diligence of bringing suit against any party thereto and consent that time of payment may be extended without notice thereof to either of us. It is further expressly agreed that if this note after maturity is placed in the hands of an attorney for collection, whether suit is brought on same or not, then in that event to pay the owner or holder of this note ten per cent., additional of the principal and interest hereon as attorneys fees or commission fees for collection. Attorney's fees in no case to be less than $10.00.

'No. 7090        P. O. Detroit, Texas.'

—which said note she signed 'Mrs. T. A. Eubank'; that at time of the signing of said note said bank and said officers understood the same to be a renewal note executed in renewal of a note, which evidenced her said husband's indebtedness to said bank; that

said bank and said officers and this defendant intended such note to be such a renewal and did not intend the same to be a liability against her individually, nor that the same should evidence an indebtedness otherwise than an indebtedness against the estate of the said T. A. Eubank, deceased. That at the time of the signing of said renewal note the original note signed by the said T. A. Eubank, to said bank, was retained by said bank and is now in the possession and under the control of the said E. C. Brand, Banking Commissioner of the State of Texas, or his agents in charge of the liquidation of the affairs of said Citizens' State Bank of Detroit, and he is hereby notified to produce said note on the final trial of this cause or else the existence and contents of same will be proven by secondary evidence.

"5. That said note was signed by her without consideration moving to Plaintiff, personally, and for no other purpose other than the renewal of her deceased husband's indebtedness to said bank, and was so understood by her and the officers of the bank, as aforesaid.

"6. That on the 15th day of December, 1931, the Citizens' State Bank of Detroit, Texas, Defendant herein, closed its doors because of its insolvency and was taken over by the then Banking Commissioner of the State of Texas, James Shaw, for the purpose of liquidating the same, and said bank and its affairs are now in the possession of the aforesaid E. C. Brand, successor to the said James Shaw, as Banking Commissioner of the State of Texas.

"7. That after the closing of said bank, the then Banking Commissioner, his agents and servants in charge of the liquidation of said Bank had full notice that the above set out note was executed in renewal of a note held by said bank against plaintiff's deceased husband, T. A. Eubank, and for no other purpose, and that the same evidenced an indebtedness due said bank by her husband.

"8. That article 4616 of the Revised Statutes of Texas provides that: 'Neither the separate property of the wife, nor the rents from the wife's separate real estate, nor the interest on bonds and notes belonging to her, nor dividends on stocks owned by her, nor her personal earnings, shall be subject to the payment of debts contracted by the husband nor of torts of the husband.'

"That this defendant does now and has for many years heretofore owned in her own right as her separate property One Hundred Acres of land in the State of Oklahoma,

Choctaw County, that the record title of said land is in the name of Bell Eubank, that said land is farming land and that at this time said land is rented to tenants, said rents to be paid in portions of the crops raised on said premises.

"9. That under the law of the State of Oklahoma, a Plaintiff suing a non-resident of said state upon a contract is not required to execute any bond when he has an attachment levied upon said non-resident's property and said non-resident has no remedy at law against any one having such property seized under the writ of attachment for damages to said property in any way. That on the 30th day of September, 1932, the then Banking Commissioner of the State of Texas, James Shaw, and acting as such Banking Commissioner and in such capacity for the purpose of evading the law of the State of Texas and for the purpose especially of evading article 4616 of the Rev. Stat. of Texas, as quoted above, fraudulently and for the purpose of depriving this plaintiff of her rights as secured to her by the laws of Texas and especially her rights under said Art. 4616, and for the purpose of fraudulently appropriating her separate property and the rents and revenues derived therefrom to the payment of her deceased husband's debts, instituted suit against her as 'Bell Eubank who is one and the same person as Mrs. T. A. Eubank' and sets up as a cause of action 'That heretofore and on or about the 22nd day of April, 1931, the defendant herein, Bell Eubank under the name of Mrs. T. A. Eubank for a valuable consideration, made, executed, and delivered to the Citizens' State Bank, of Detroit, Texas, her certain promissory note in writing, a true and correct copy of which is attached hereto marked Exhibit A and by this reference made a part of this petition; that under and by the terms of said promissory note, the defendant agreed to pay to said Citizens' State Bank the sum of $3289.55, with interest thereon at the rate of 8% from the date thereof until paid.

" 'That said note by its terms provided that in the event said note was placed in the hands of an attorney for collection, the maker thereof will pay to the holder thereof the additional sum of ten per cent of the principal and interest as attorney's fees; that said note has been placed by the plaintiff herein in the hands of Hal Welch, attorney at law, in Hugo, Oklahoma, for collection; that on the 30th day of December, 1931, there was paid upon said note the sum of $984.74 and no other payments have been made thereupon.

" 'That on the date of said payment there was due upon said note the sum of $175.44 as interest or the total sum of $3,464.99, leaving a balance in the sum of $2,480.25 due and owing upon said note after giving credit for said payment, and that there is now due upon said note the sum of $148.81 as interest accruing since the 30th day of December, 1931, which together with the principal amount now due and unpaid, amounts to $2629.06; that by reason of the fact that said note has been placed in the hands of said attorney for collection there is now due and owing thereon the additional sum of ten per cent of the principal and interest of $262.90 as attorney's fee.'

"That the copy referred to as 'Exhibit A' and attached to said petition is a copy of the renewal note heretofore referred to as being executed in renewal of a note payable to the Citizens' State Bank, of Detroit, Texas, and executed by T. A. Eubank, her deceased husband; that neither the said James Shaw, Banking Commissioner, nor his successor, E. C. Brand, in charge of the Citizens' State Bank, of Detroit, Texas, has ever brought suit upon said note against this defendant in the courts of this State, neither individually nor as Independent Executrix of the Estate of T. A. Eubank, deceased, but they have falsely and fraudulently for the purpose of taking advantage of this defendant and appropriating her separate property to the payment of her deceased husband's debts, instituted said suit against her individually in Choctaw County, Oklahoma, as aforesaid, and caused an attachment to be levied upon separate property both real and personal, belonging to this Plaintiff situated in said County and State."

"10. That this Plaintiff has no adequate remedy at law. That the said E. C. Brand, Banking Commissioner of the State of Texas, is a citizen of Texas and this plaintiff is a citizen of Texas and said note is made payable in Red River County, Texas, and an administration upon the estate of T. A. Eubank, deceased, is being conducted in Red River County, Texas, by Plaintiff, as Administratrix of said estate.

"11. That the attempt of the Citizens' State Bank of Detroit, Texas, acting through the Banking Commissioner of the State of Texas, to make the above described note the personal obligation of plaintiff and to impound and appropriate her separate property situated in the State of Oklahoma, to the payment of said note, the same being a debt of her deceased husband, T. A. Eubank, is contrary to equity and against good conscience

and in violation of article 4616 of the Rev. Stat. of the State of Texas.

"12. That in order to protect Plaintiff in her legal and equitable rights and in order that her separate property may not be subjected to the payment of a debt, which she does not owe, and which is a debt of her deceased husband for which her property is not liable, it will be necessary for this court to exercise its equitable powers and restrain the said E. C. Brand, as Banking Commissioner of the State of Texas, from further prosecution of Cause No. 8618, James Shaw, Banking Commissioner of the State of Texas, Plaintiff, v. Bell Eubank, who is one and the same person as Mrs. T. A. Eubank, Defendant, pending in the District Court of Choctaw County, Oklahoma, and from prosecuting any suit against her individually in any court upon said note and from in any way disposing of or taking any action upon said note as the obligation of herself, individually, for which her separate property is bound.

"Wherefore, premises considered, plaintiff prays that the Citizens' State Bank of Detroit, Texas, E. C. Brand, Banking Commissioner of The State of Texas, in charge of said Bank, be cited to appear and answer herein; that upon final hearing hereof, this plaintiff have judgment against said Defendant, Citizens' State Bank, of Detroit, Texas, in liquidation, decreeing that said note in the sum of $3289.55, dated April 22nd, 1931, due on demand after date, payable to the order of Citizens' State Bank of Detroit, Texas, and signed, 'Mrs. T. A. Eubank,' be cancelled and held for naught as the individual obligation and indebtedness of this plaintiff; and plaintiff further prays that a Writ of Injunction issue against the Citizens' State Bank of Detroit, Texas, in liquidation, and E. C. Brand, Banking Commissioner of the State of Texas, Plaintiff, vs. Bell Eubank, who is one and the same person as Mrs. T. A. Eubank, Defendant, and pending in the District Court of Choctaw County, Oklahoma, and from prosecuting any suit, in any Court, against her individually upon said note and from in any way disposing of or taking any action upon said note as the individual obligation of herself, for which her separate property is to be bound, for costs of suit, and such other and further relief, general and special, both in law and in equity, to which she may be justly entitled to receive, and she will ever pray," etc.

Upon this petition the court granted a temporary writ of injunction restraining the defendants from prosecuting the suit pending in the district court of Choctaw county, Okl.

The defendants in their answer by plea in abatement and demurrer and by special answer challenged the jurisdiction of the district court of Red River county to grant any of the relief prayed for in plaintiff's petition, because of the pendency of the suit in the district court in Oklahoma.

The case was tried upon its merits at the October term of said court and resulted in a judgment in favor of plaintiff, perpetuating the writ of injunction and canceling the note as the individual obligation of the plaintiff. From this judgment, the defendants have duly prosecuted an appeal to this court.

Appellants' first assignment of error complains of the action of the trial court in overruling its plea in abatement setting forth the pendency of the prior suit in the district court of Choctaw county, Okl. We think this assignment must be sustained. In the first place, it is held by our courts that the rights of one to an injunction to prevent parties residing in this state from prosecuting an action in a court of a sister state are the same as they are in restraining the prosecution of an action pending in a court of concurrent jurisdiction in another county of the state where the parties reside. In other words, allegations in the petition sufficient to restrain prosecution of an action in a court of this state would also support the restraining of the prosecution of such an action in the court of a sister state. Moton v. Hull, 77 Tex. 80, 13 S. W. 849, 8 L. R. A. 722. Applying this rule this court held in the case of Wade v. Crump, 173 S. W. 538, 539, that where a case may be brought in either of two courts, the one first acquiring jurisdiction will retain it, and that this rule extends, on principle of comity, to cases brought in the courts of sister states. There is another well-established principle of law recognized by the courts of this state to the effect that the laws of a sister state are presumed to be the same as the laws of this state, and the burden is on the one who asserts that the laws of the other state are different to both allege and prove wherein they differ. Lightfoot v. Murphy, 47 Tex. Civ. App. 112, 104 S. W. 511. The only allegation contained in appellee's petition with reference to the difference between the laws of Oklahoma and Texas is that no bond is required of a plaintiff in Oklahoma to attach a nonresident's land located in Oklahoma. This difference in the laws of Texas and Oklahoma, although laws of Texas may be more favorable to appellee,

will not afford appellee any relief in this proceeding for the reason that the laws of Texas with reference to attachment of land are not applicable to land located in Oklahoma. That is to say, that any one wishing to attach land located in Oklahoma must do so under the laws of Oklahoma, and not under the law of Texas, as such land is located beyond the jurisdiction of the courts of Texas.

This leaves but one question to be determined, and that is: Was the relief sought by appellee in her petition in this cause available to her as a defense to the prior Oklahoma suit between the same parties? We are of the opinion that the question must be answered in the affirmative. Appellee's petition seeks to cancel the notes sued upon by appellants in the district court of Choctaw county, Okl., as her individual liability solely on two grounds: First, that the note was executed without any consideration; and, second, that said note was executed by appellee with the understanding between her and the officers of appellant bank at the time it was executed that such note was given only to renew the indebtedness of her deceased husband, and that there would be no personal liability on her part for the debt, but only the estate left by her deceased husband would be held for the payment of the debt. We do not determine the sufficiency of the allegation of appellee's petition and the proof offered in support thereof to grant the relief decreed by the court in this case. But we do hold that such matter, if valid, amounts to nothing more than a defense to the suit upon the note by appellants, and adequate relief was available to appellee in the prior suit, and for this reason the court should have sustained appellants' plea in abatement and dismissed this cause. Wade v. Crump, supra; 32 C. J., § 139, p. 118.

The judgment of the trial court is reversed and the cause ordered dismissed.

On Motion for Rehearing.

Appellee in her motion for rehearing insists that we were in error in sustaining appellants' plea in abatement to her cause of action which seeks the equitable relief of cancellation of the note sued upon by appellants in Oklahoma, and we are cited to Texas Jurisprudence, § 82, page 113, as sustaining this contention.

If the suit brought by appellants in Oklahoma had been brought in the district court of some county in Texas other than Red River county, it is the settled law of this state that the plea in abatement should have been sustained (Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063), and this would be true although appellee's suit is one in equity to cancel the note and appellants' suit was one at law to recover on the same note (Thomas Goggan & Bros. v. Morrison (Tex. Civ. App.) 163 S. W. 119). In a case like this where the only relief sought by appellee, which is the cancellation of the note sued upon by appellant in Oklahoma, can be had in the suit pending in the Oklahoma court as fully as it could in a court of this state, we can conceive of no good reason why the plea in abatement should not be available to appellants the same as it would if the two suits were pending in this state. To so hold is only to apply the general rule followed by this court in Wade v. Crump, as follows: "The general rule is that, where a case may be brought in either of two tribunals, that court which obtains jurisdiction of the case retains it; and this extends upon principles of comity to cases of conflicting suits brought in the courts of sister states."

It is also applying a rule laid down by Mr. Freeman in his work on Judgments (5th Ed.) Vol. 1, § 335: "It seems impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive, and therefore it is our judgment that whenever either the state or the national courts acquire jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished, or suspended by one of the parties bringing an action in another court, and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction."

This rule was adopted by our Supreme Court in Cleveland v. Ward, supra, and is the law in this state.

The motion for rehearing is in all things overruled.