**DICKERSON et al. v. HOPKINS et al.
(No. 7641.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1926. Rehearing Denied Dec. 15, 1926.)

1. **Courts** &⩾475(5)—**Filing action for receiver to distribute proceeds of sale of property gave district court jurisdiction of proceeds and parties involved, precluding exercise of jurisdiction by another district court.**

Filing of action for appointment of receiver to take over proceeds of sale of certain properties and distribute same gave district court jurisdiction to assume custody of fund, to bring claimants into court to adjudicate their claims and distribute funds, precluding exercise of jurisdiction by district court of another county involving similar parties and same subject-matter.

2. **Injunction** &⩾32—**Court having acquired jurisdiction of action could protect its jurisdiction by restraining suits in other courts.**

District court, having obtained jurisdiction in suit for appointment of receiver to take over proceeds of sale of certain properties and distribute same, could prevent interference with its jurisdiction by injunction enjoining other suits in other courts by claimants.

3. **Injunction** &⩾32—**In action for appointment of receiver, enjoining suits in other court to prevent multiplicity of suits held proper.**

In action for appointment of receiver to take over proceeds of sale of certain properties and distribute same, enjoining suits in other court was proper to prevent multiplicity of suits, where there were 60 or 70 defendants and 1,700 or 1,800 remaining claimants.

4. **Injunction** &⩾32—**That injunction enjoining suit in another court involving same subject-matter involved parties not common to both actions held immaterial.**

That injunction enjoining suit in another court involving the same subject-matter involved parties who were not common to both actions *held* immaterial, where injunction did not purport to affect defendants' right to prosecute in any court any cause they might have so long as it was not aimed at subject-matter in controversy.

5. **Injunction** &⩾32—**Enjoining suit involving same subject-matter in another court though on different cause of action held proper.**

In action for appointment of receiver to distribute proceeds of sale of certain properties,

enjoining of suit in another court involving same subject-matter *held* proper, even though in other suit parties proposed to assert cause of action for fraud not involved in present suit, since suit involving other matters could still be maintained separately.

6. Appeal and error ⊚⇒874(2)—Good faith in seeking to enjoin other suits could not control disposition on appeal, in absence of gross misconduct appearing on record.

Good faith of parties in bringing suit and seeking to enjoin suits involving same subject in another court being questions for determination upon trial on merits could not control disposition of preliminary matters on appeal, in absence of gross misconduct apparent upon face of record.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by George Hopkins and others for the appointment of a receiver, in which an application was filed for an injunction restraining J. T. Dickerson and others from filing any suit involving the same subject-matter. From an interlocutory order granting a temporary injunction, defendants appeal. Affirmed.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellants.

Eskridge & Williams, of San Antonio, for appellees.

SMITH, J. This appeal is from an order granting a temporary injunction restraining appellants and others similarly situated from instituting suits in Webb county or elsewhere upon causes of action affecting the subject-matter of this suit, which consists of the proceeds from the sale of certain oil properties in the Miranda field in Webb county. The fund in controversy amounts to nearly $1,000,000, and various interests therein are asserted by several different groups of persons. It is not deemed necessary to set out in detail the history of the transactions which gave rise to the several claims of interest. It is perhaps sufficient to say that the Crown Central Petroleum Corporation purchased certain oil properties from Wheatley & Wheatley, a partnership, and the Wheatley Oil Company and the Wheatley Petroleum Company, corporations, for a consideration of $825,000, of which $100,000 has been paid over to the Wheatley interests; that all the parties concede the validity of that sale to the Crown Central Company, which thereby obtained legal title and possession of the properties; that those in one group of claimants assert that they were defrauded in the early stages of the development of the properties and were entitled to share in the distribution of the proceeds of the sale to the Crown Central Company; that those in another group, consisting of shareholders in the Wheatley interests, con-

ceding good faith throughout all the transaction, each asserts a certain interest in the proceeds of the sale; that the Wheatley interests claim a definite portion of the proceeds of the sale; and that as the custodian of the whole of those proceeds they must account to the rightful owners of different interests therein. It will be observed from this very general statement, then, that the proceeds of the sale of said properties constitutes the subject-matter of the litigation. This appears to be the controlling fact of this appeal.

On March 29th of this year George Hopkins and two others filed this suit in the district court of the Seventy-Third judicial district of Bexar county, alleging that they were shareholders in the Wheatley corporations and partnerships; that said corporations and partnerships had been dissolved and had entirely ceased to function, and that the defendants C. A. Wheatley and others named in the petition were the last appointed and acting trustees and representatives of the Wheatley concerns; that the plaintiffs as shareholders in said concerns were entitled to share in the distribution of the proceeds of the sale of the oil properties to the Crown Central Company; that various other parties were asserting interests in said proceeds, which comprise the whole of the assets of said concerns; and that the defendants had failed and refused to account to plaintiffs or pay them their shares of said proceeds. The petitioners prayed for judgment for their said shares and for the appointment of a receiver to take over the assets of the Wheatley concerns and distributed the same to "those entitled to receive same in their due proportion."

Upon the filing of the suit the trial court ordered that notice be given the defendants to appear on April 15, 1926, and show cause why the receiver should not be appointed as prayed for. Three days later, on April 1, the plaintiffs filed in the cause an application for injunction restraining A. R. Arndt and 63 others, together with their attorneys, J. T. Dickerson and two others, from filing any suit in Webb county or elsewhere, "involving the subject-matter involved in this suit, and asking for the appointment of a receiver for said funds (being the proceeds from the sale hereinabove mentioned), or for any other extraordinary relief affecting said funds or the parties to this suit." It was alleged in the bill that the defendants complained of were threatening and intended to institute suit in the district court of Webb county to recover of the Wheatley interests and all others concerned the proceeds from said sale of said properties, and for the appointment of a master to audit the affairs of the Wheatley interests and ascertain the amount of said proceeds, and for the appointment of a

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

receiver to take over said proceeds and distribute them to the rightful owners, to be ascertained in said proceedings.' The trial judge granted a temporary restraining order as prayed for and ordered notice to issue to the defendants named in the bill to appear on April 15th and show cause why the temporary injunction should not be granted as prayed for. Upon a hearing on that date the facts alleged in the bill were established and the temporary injunction was granted. It is from this interlocutory order that the defendants in the proceeding have appealed.

We conclude that the injunction was rightfully granted and that the judgment should be affirmed. It is obvious from the whole record that the matter or thing in controversy in this suit as well as in the suit which appellants were preparing to institute in Webb county consists of the proceeds of the sale of the properties involved to the Crown Central Petroleum Corporation. All the necessary parties to this action as well as to the threatened action claim some character of interest in that subject-matter, and the ultimate object of all is the adjudication of those claims and the distribution of the fund in accordance with that adjudication.

[1] The Bexar county tribunal has competent jurisdiction over the subject-matter and of the persons involved in the controversy thereover. The filing of this action and prayer for the appointment of a receiver of the fund involved definitely fixed the jurisdictional status of the Bexar tribunal, and gave it the power and burdened it with the duty to assume custody of the fund, to bring all claimants into that court, to adjudicate their claims, and distribute the funds in accordance with that adjudication. Cleveland v. Ward (Tex. Sup.) 285 S. W. 1063.

[2] Having thus obtained jurisdiction over the res, that court had the power, and it was its duty, to preserve and protect its jurisdiction by any or all the extraordinary writs incidental to its general powers. It could impound the fund and place it in the hands of a receiver of its own appointment, or it could preserve the status of the fund by injunction until the rights of all claimants were settled in that forum. In this case, pending consideration of the appointment of a receiver, the court resorted to the writ of injunction to prevent interference with its jurisdiction by the filing of other suits in other courts by some of the claimants. This was proper practice, and commendable, for it would be improvident to plunge the estate into receivership and burden it with the large expense thereof, without first ascertaining with certainty that such course was necessary. And injunction was a proper and, as the record discloses, an efficacious expedient for preserving the status quo pending consideration of the proposed receivership. The record discloses that there are more

than 1,800 probable claimants to the fund in controversy. This action served primarily to bring some of the claimants and the stakeholders of the fund before the trial court, and the stakeholders, admitting the justice of some of the claims and asserting the existence of many others, pray that the respective rights of all the claimants be here adjudicated in order that they may rightfully distribute the fund held by them. In this situation the court is bound to protect its jurisdiction over that fund—must conclude all claimants thereto. It cannot do so equitably or certainly if other claimants than those originally before it may prosecute their claims separately or in groups by actions brought in other jurisdictions than that of the forum of the original or basic action. The court below was therefore amply justified in protecting its jurisdiction by restraining appellants and those similarly situated from urging their claims through other forums. These conclusions lead to the overruling of appellants' fourth proposition of law.

[3] This action of the court below was justified, not only in defense of its jurisdiction, but it was necessary as a means of preventing a multiplicity of suits. Joyce on Injunctions, § 520 et seq. If appellants, comprising a group of only 60 or 70 claimants of interests in the fund in controversy, may prosecute their claims in another forum, then the remaining 1,700 or 1,800 claimants, likewise either in groups or singly, may pursue their remedy in other jurisdictions; may, as appellants intended, ask for receivers of the fund, and for masters, and by this means not only would the jurisdiction of the original forum be destroyed and its powers and efficiency neutralized, but the subject-matter of the suit would be dissipated through costs and fees; intolerable confusion would result, the stakeholder and principal claimants would be unreasonably and unnecessarily harassed, justice would be shamed, and the law become but a mockery. We overrule appellants' fifth proposition.

[4] Appellants insist that the injunction was erroneously granted because this suit and the threatened suit involved parties who were not common to both actions; but we overrule this contention. It is true that in the suit enjoined J. J. O'Hern and the Crown Central Petroleum Company were to be named as party defendants but are not parties to this action. It was sought in the proposed suit in Webb county to hold O'Hern in an action for deceit practiced upon the plaintiffs in the proposed suit, and the cause of action asserted against him is probably beyond the scope of this suit. But that is deemed immaterial to this appeal, for if that cause of action is not triable in the present suit, then the injunction complained of does not prohibit the filing and prosecution of that action in any other court. The injunction does not

purport to affect appellants' right to prosecute in any court any cause of action they may have against any person, so long as such action is not aimed at the fund in controversy in this suit. This much may be said also of the relation of the Crown Central Petroleum Company and any other persons against whom appellants may desire relief. Appellants' first proposition, relating to this question, is overruled.

[5] In their second proposition appellants contend that in their proposed suit they desired to assert a cause of action against C. A. Wheatley and others for fraud and conspiracy, and that to this extent and in this way the matters involved in this suit differed from those involved in the enjoined suit, and that therefore the injunction was improperly granted. It is sufficient to say, again, that the injunction complained of here did not purport to affect other causes of action than those involving the very subject-matter of this suit, to wit, the proceeds from the sale to the Crown Central Corporation. The second proposition is overruled; as is also the third proposition, for a like reason.

[6] Appellants contend that this suit was not brought in good faith, but was collusive, and designed only to prevent the prosecution of appellants' suit in Webb county. We conclude, however, that there is no merit in this contention, nor in appellants' sixth proposition predicated thereon. The good faith of the parties bringing the suit, their authority therefor, and like questions, are for determination upon the trial on the merits, and, in the absence of gross misconduct apparent upon the face of the record, will not control the disposition of the preliminary matters now on appeal.

The judgment is affirmed.