**ARVOL D. HAYS CONSTRUCTION COMPANY, Appellant,**

v.

**R & M AGENCY CORPORATION, Appellee.**

No. 17243.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 17, 1971.

Rehearing Denied Oct. 15, 1971.

Hunter, Greenfield & Allen, and Nathan Allen, Jr., Dallas, for appellant.

Jack W. Gray and John L. Sullivan, Denton, for appellee.

OPINION

LANGDON, Justice.

R & M Agency Corporation, appellee, instituted this suit against the appellant, Arvol D. Hays Construction Company, a corporation, and its surety, the United States Fidelity and Guaranty Company. It alleged various breaches by the appellant of a written contract to construct the University Plaza Shopping Center in the City of Denton, Denton County, Texas, for the appellee for the contract price of $1,-095,880.00. The appellee alleged prolonged work stoppages, abandonment or virtual abandonment of the contract by appellant, the discharge of the appellant as contractor by the appellee, and termination of the contract by appellee in accordance with the provisions of the contract. Appellee by its suit sought injunctive relief and damages.

The suit was filed on March 31, 1971, and a temporary restraining order was granted on the same date. The hearing on the appellee's application for temporary injunction was commenced on April 6, 1971, and was concluded on Friday, April 16, 1971, at which time the court rendered judgment granting the temporary injunc-

tion. The written judgment to this effect was signed on April 20, 1971.

■ Under Rule 680, Texas Rules of Civil Procedure, the temporary restraining order of March 31, 1971, expired no later than the tenth day after the entry thereof, at which time the hearing on the temporary injunction was in progress. The expiration of the temporary restraining order during the nine day hearing on the temporary injunction did not deprive the court of jurisdiction and authority to continue the hearing and to grant the temporary injunction. Parker v. State, 161 S.W.2d 319, Waco Civ.App., 1942, ref.

Following issuance of the temporary injunction the appellant filed a petition in the Supreme Court of Texas, and motion for leave to file petition for writ of mandamus to the trial court to set aside the temporary injunction. The motion was denied by the Supreme Court on April 28, 1971 (Vol. 14, No. 29, p. 324, Texas Supreme Court Journal).

The record in this case is extensive. The statement of facts consists of three volumes containing 1,332 pages. In addition there are two volumes of exhibits, and other exhibits which include the plans and specifications.

■ The appeal is based upon thirty-seven points of error. The first sixteen points relate to the action of the court in granting the temporary restraining order. These sixteen points are overruled. As we have previously noted the temporary restraining order expired on or before April 10, 1971. No order of the court was entered of record extending the order. It is moot. Further, the order granting the temporary restraining order is not appealable. 31 Tex.Jur.2d, Sec. 207, p. 325, and authorities there cited. See also Nall v. Malley, 55 S.W.2d 593 (Beaumont Civ.App., 1932, no writ hist.); Smith v. State, 140 S.W.2d 299, 301 (Eastland Civ.App., 1940, no writ hist.) citing numerous authorities and dismissing the appeal from such order.

■ We next consider points seventeen (17) through twenty-six (26) which attack the action of the court in granting the temporary injunction. Our review of the case does not extend to the merits. We are limited to the sole question of whether or not the court abused its discretion in granting the temporary injunction. The trial court has broad discretion to grant or deny an injunction. This appellate court is not empowered to substitute its discretion for that of the trial court. See cases cited below in support of the statements contained in this paragraph.

In the case at bar, the trial court set forth its findings upon which the temporary injunction was issued, including findings of numerous breaches of the contract by appellant, failure to comply with the plans and specifications for said construction, unsatisfactory work progress, unsatisfactory prosecution of the work by appellant, repudiation of contract obligations by appellant, and findings that the existing so-called "status quo" was one of abandonment or virtual abandonment by appellant of the contract for construction of said University Plaza Shopping Center, that the appellant had been discharged as contractor, and that the contract had been properly terminated by the appellant under the terms of the contract.

The findings of the court are supported by the pleadings and by ample evidence. No useful purpose will be served by recounting the evidence adduced on the case.

It is undisputed that the plans and specifications requiring advance notice to S. H. Kress as to work on its space were breached by the appellant. Further that the concrete slabs were not poured in a "checker-board pattern" as required by such plans and specifications. In our opinion an examination of the work log book maintained by the appellant's building superintendent will reflect that there were work stoppages and inactivity which are not consistent with the completion of a project of the magnitude here involved by

the date specified in the contract. The log book was placed in evidence by appellant.

We find and hold that under the record in this case there was no abuse of discretion on the part of the trial court in granting the temporary injunction. In making this determination we are guided by the authorities cited in the paragraph next following.

Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952); Janus Films, Inc., v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962); 31 Tex.Jur.2d, § 224, p. 345, and cases cited; Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235 (1947); Texas Foundries v. International Moulders & F. Wkrs., supra, contains a comprehensive discussion of the proper scope of appellate review in injunction cases. Southwestern Greyhound Lines v. Railroad Com'n, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235 (1936); Harris County v. Bassett, 139 S.W.2d 180 (Galveston Civ.App., 1940, error ref.); Scanlan v. Houston Lighting & Power Co., 62 S.W.2d 537 (Galveston Civ.App., 1933, error ref.); Borden Co. v. Local No. 133, etc., 152 S.W.2d 828 (Galveston Civ.App., 1941, error ref.); International Ladies' G. W. L. U., etc. v. Dorothy F. Co., 95 S.W.2d 1346 (San Antonio Civ.App., 1936, no writ hist.); 24 Tex.Jur., Injunctions, § 253, p. 313; Metropolitan Construction Company v. White, 438 S.W.2d 433 (Fort Worth Civ. App., 1969, no writ hist.).

Most of the remaining points pertain to the action of the court in either allowing or refusing to allow into evidence the testimony of certain witnesses and the introduction of certain exhibits. These points are without merit. Error, if any, complained of by such points was harmless.

We have carefully reviewed and considered all of the points urged by the appellant on this appeal and overrule them all.

The judgment of the trial court is accordingly affirmed.