**William GURVICH, Appellant,**

**v.**

**Dr. James TYREE, et al., Appellee.**

**No. 13-84-436-CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1985.

Rehearing Denied March 28, 1985.

Andrew J. Lehrman, Corpus Christi, for appellant.

Paul M. Green, San Antonio, Steve Hastings, Corpus Christi, for appellee.

Before BISSETT,[1] UTTER and KENNEDY, JJ.

## OPINION

GERALD T. BISSETT, Justice.

This is an appeal from an order which granted a temporary injunction. We reverse and dissolve the injunction.

William Gurvich, hereinafter referred to as "appellant," in August of 1978, sought medical attention from Dr. James Tyree and Dr. Martin E. Hanish, hereinafter referred to as "appellees". Appellant is a resident of the State of Louisiana, and appellees are residents of the State of Texas, who maintain offices in Corpus Christi, Nueces County, Texas. Appellant, while hospitalized in Spohn Hospital in Corpus Christi, Texas, in August and September, 1978, received medical care and attention from appellees and from Drs. Gardner, Goodman, Arnold, Faint, Henry, Heslep and Capps, a partnership, hereinafter referred to as "radiologists". After being discharged by appellees, appellant returned to his home in New Orleans, Louisiana for further treatment by a doctor in New Orleans. In due time, appellees sent appellant their bill for medical services furnished to appellant, which he did not pay.

On June 22, 1979, appellees filed suit against appellant in the District Court of Louisiana for Orleans Parish to recover the sum of $2,750.00 for medical services rendered, together with interest thereon and attorney's fees. This case will henceforth be referred to as the "Louisiana Case".

On August 6, 1979, appellant filed suit against the radiologists in the 105th District Court of Nueces County, Texas, to recover damages for alleged negligence which proximately caused his injuries. This case will henceforth be referred to as the "Texas Case."

On August 6, 1979, appellant filed an answer in the Louisiana Case to appellees' petition, and also filed a "reconventional demand" (the Louisiana equivalent of a Texas counterclaim) against appellees wherein he sought to recover damages for alleged medical malpractice.

On August 22, 1979, the radiologists filed a general denial in the Texas Case.

On January 6, 1981, the radiologists filed a third party petition in the Texas Case against appellees, and alleged that should

1. Associate Justice (Ret.), Court of Appeals, Thirteenth Supreme Judicial District, sitting by designation. TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1985).

any liability be found to exist in the action brought by appellant against them, then such liability is that of appellees, as third party defendants, and not that of the radiologists, third party plaintiffs.

On May 18, 1984, appellees filed what they designated as "Third Party Defendants' Cross Action" against appellant in the Texas Case. In that pleading, they alleged: 1) that they will suffer irreparable harm if appellant is not enjoined from further proceeding on his reconventional demand against them in the Louisiana Case; 2) that they, appellant and the radiologists have a real and bona fide controversy over who, if anyone, is legally responsible for the damage allegedly sustained by appellant; and, 3) that appellant is indebted to them in the amount of $2,750.00 for necessary medical expenses rendered during August and September 1978, for pre-judgment interest thereon from September 20, 1978, and for reasonable attorney's fees. In addition to asking for the issuance of a temporary injunction, appellees prayed "that they be granted declaratory judgment that they are not liable for medical malpractice to William Gurvich or, alternatively, that Defendant Radiologists are solely liable to William Gurvich or, alternatively, that Defendant Radiologists and Tyree and Hanish are jointly and severally liable to William Gurvich in an amount to be determined by the jury."

On June 1, 1984, appellant filed a motion in the Louisiana Case to set the cause for trial on the merits. The court, by order dated August 21, 1984, set the cause for trial on November 15, 1984.

On October 30, 1984, following a hearing, the court in the Texas Case granted appellees' application for temporary injunction. The court, in its judgment, found that the application should be granted in order to 1) protect the court's jurisdiction, 2) avoid a multiplicity of suits, and 3) and permit a final adjudication of the controversy in the most convenient forum by the only court having all parties before it. The order granting the temporary injunction further provided:

Now it is, therefore, ORDERED, ADJUDGED AND DECREED that Plaintiff, William Gurvich, be, and he is hereby, enjoined and restrained, pending trial of this action, from (a) further prosecution of Cause No. 79–9366 in the Civil District Court for the Parish of Orleans, State of Louisiana, and (b) instituting and/or prosecuting any other suit against Third-Party Defendants Tyree and Hanisch in any other Court, save and except this 105th Judicial District Court of Nueces County, Texas.

Very little evidence was adduced at the hearing on appellees' application for the temporary injunction. The only testimony presented was that of Dr. James Tyree, one of the appellees. In summary, he testified: 1) that during the months of August and September, 1978, the appellees treated appellant at Spohn Hospital in Corpus Christi for a kidney ailment; 2) that appellees were not paid for their services and suit was instituted in Louisiana to recover the debt owing to them; 3) that a reconventional demand alleging malpractice had been filed by appellant in the Louisiana Case; 4) that there was no reason why he could not travel to New Orleans for trial of the Louisiana case; and, 5) that he was aware of the fact that subsequent to his treatment of appellant the appellant was treated by doctors in New Orleans at the Ochner Hospital. The only documentary evidence introduced at the injunction hearing, consisted of a "Motion to Set for Trial on the Merits" in the Louisiana Case and an order setting the cause for a trial on the merits on November 15, 1984. Findings of fact and conclusions of law were neither requested nor filed.

Appellant, in his first four points of error, contends that the trial court erred as a matter of law in granting the temporary injunction, and abused its discretion in granting the same because 1) the action for malpractice against appellees was filed by appellant in Louisiana prior to the filing by appellees in Texas of their action against appellant for debt and for declaratory judgment, and 2) appellees failed to establish a

probable right to recovery, a probable injury in the interim or no adequate remedy at law.

■ Since no findings of fact or conclusions of law were filed, the trial court's judgment must be upheld if there exists any lawful theory supported by the record. Every issue sufficiently raised by the evidence must be resolved in favor of the trial court's ruling. *New Process Steel Corp., E.R. v. Steel Corp. of Texas*, 638 S.W.2d 522 (Tex.Civ.App.—Houston [1st Dist.] 1982, no writ). This is true even though the trial court is not required to file such findings of fact or conclusions of law. TEX.R.CIV.P. 385(b); *Levinson v. Slater*, 565 S.W.2d 337 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ The granting or denying of a temporary injunction is a discretionary matter for the trial court and its decision will not be disturbed on appeal unless a clear abuse of discretion is shown. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978).

■ In order to prevail on an application for temporary injunction, the applicant must 1) plead a cause of action, 2) prove a probable right to relief on a final trial, and 3) prove a probable injury in the interim. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216 (Tex.1968).

■ In reviewing the trial court's determination, an appellate court must indulge all legitimate inferences from the evidence in a light most favorable to the trial court's judgment. *Diesel Injection Sales & Services, Inc. v. Renfro*, 619 S.W.2d 20 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Hartwell's Office World v. Systex Corp.*, 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ A Texas court has the power to protect its jurisdiction by enjoining the prosecution of a suit subsequently filed involving the same controversy. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). However, the power to enjoin proceedings already pending in a foreign jurisdiction should be exercised only by reason of very special circumstances. "It is said that the power to enjoin the prosecution of a suit in a foreign jurisdiction should be exercised sparingly, and not unless a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice." *PPG Industries, Inc. v. Continental Oil Company*, 492 S.W.2d 297, 300 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

■ Generally speaking, where a cause of action may be filed in either of two courts, the court first acquiring jurisdiction of the cause will retain jurisdiction thereof, and this rule extends upon principles of comity to cases of conflicting suits brought in the courts of sister states. *Brand v. Eubank*, 81 S.W.2d 1023 (Tex.Civ.App.—Texarkana 1935, no writ); *Wade v. Crump*, 173 S.W. 538 (Tex.Civ.App.—Texarkana 1915, no writ); see 21 C.J.S. *Courts* § 554 (1940); 43A C.J.S. *Injunctions* § 59 (1978).

■ One basis for granting an injunction, including a temporary injunction, is to prevent a multiplicity of suits. In such a situation, equity will allow a court to take jurisdiction of several controversies between the same parties involving similar facts and depending upon the same questions of law so that a decision of one will be practically determinative of all. Further, the existence of multiplicity of suits in itself constitutes the inadequacy of the remedy at law and will confer equitable jurisdiction. *Repka v. American Nat. Ins. Co.*, 143 Tex. 542, 186 S.W.2d 977 (1945).

■ There is no question but that the District Court of Nueces County has the power, in a proper case, to enjoin persons within its jurisdiction from prosecuting a suit in a sister state. In *Moton v. Hull*, 77 Tex. 80, 13 S.W. 849 (1890), the Court said:

The correct rule upon this subject we understand to be is that, if the averments of the petition for injunction are of such a character as to make it the duty of the court to restrain or enjoin the party from instituting or conducting like proceedings in a court of this state, it would be a proper case for restraining him by a sim-

ilar process from prosecuting such suit in the courts of another state.

The Court, in *Gulf, C. & S.F. Ry. Co. v. Pearlstone Mill and Elevator Co.*, 53 S.W.2d 1001, 1003 (Tex.Comm'n.App.1932, holding approved), said that there are four general types of cases where an injunction will lie to prevent a multiplicity of suits. In summary, they are: 1) where the same injured party must from the nature of the wrong bring several actions against the same wrongdoer all growing out of one wrongful act; 2) where one party is about to institute numerous actions against the other, all depending on the same legal questions and similar issues of fact, and the plaintiff seeks a determination of all in one action; 3) where different claimants against a plaintiff all rely on one common cause, governed by the same legal rule, involving similar facts, and capable of determination in one suit by all joining or by one suing for all; and, 4) where a plaintiff has a common right against a number of persons, regularly sueable separately, that he seeks to have determined in one action against all. There is no dispute under the record that appellees invoked the jurisdiction of the Louisiana court and initiated the legal proceedings against appellant when they sought recovery of medical bills in the New Orleans District Court. As a matter of right, appellant filed the Louisiana equivalent of a counterclaim in the same cause of action initiated by appellees and there is no argument nor are there any pleadings that the Louisiana court does not have proper jurisdiction over either cause of action. The Louisiana case is still pending in the New Orleans District Court. Appellant filed a separate claim against certain radiologists, who are not parties herein. At no time has appellant filed a cause of action seeking any type of relief against appellees in Nueces County.

## THE JURISDICTIONAL QUESTION

"Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist." *State v. Olsen,* 360 S.W.2d 398, 400 (Tex.1962).

■ What was said in *San Antonio and A.P. Ry. Co. v. Blair,* 108 Tex. 434, 196 S.W. 502, 505–506 (1917), applies here:

There is, of course, an obvious difference between jurisdiction, —the power of a court to hear and determine causes, and the doing of those things necessary to call that power into play. To confer jurisdiction upon a court is not to give it authority to determine the mode of resort to its jurisdiction, or the power of deciding how, when, and in what manner its jurisdiction may be obtained. Some means must be provided as the instrumentality of bringing the cause under the power of the court in order for the court to have and exert power over it. Such means are purely remedial in their nature. They pertain merely to the manner or mode by which jurisdiction is acquired, not to its exercise after it is acquired.

In the case at bar, there are no pleadings by appellees which invoked the jurisdiction of the trial court to grant the temporary injunction complained of by appellant. Appellees, in their "Third Party Defendant's Cross Action," alleged:

### COUNT II

#### *Declaratory Judgment*

5. Tyree and Hanisch allege that they, Gurvich, and Defendant Radiologists have a real and bona fide controversy over who, if anyone, is legally responsible for the damages allegedly sustained by Gurvich. At the foundation of such controversy is the duty implied from the physician/patient relationship which is founded upon implied contract and that such controversy is therefore ripe for resolution under the provisions of Tex. Rev.Civ.Stat.Ann. art. 2524–1.

6. Tyree and Hanisch allege that this Court should determine that Gurvich's medical malpractice action against them and Defendant Radiologists is without merit or, alternatively, that Defendant Radiologists are totally responsible or, in

the alternative, that pursuant to Tex. Rev.Civ.Stat.Ann. art. 2212a, legal responsibility is shared in such manner as the jury may determine.

Those allegations are mere conclusions of the pleader, and do not state any facts. The record in this case reveals that there is a controversy between appellant and the radiologists as to the latter's alleged medical malpractice, and a controversy between the radiologists and appellees, as to who, if anyone, is liable to appellant in damages for such malpractice. The controversy between appellant and appellees as to the alleged medical malpractice of appellees was not before the trial court at the time in question. The only pleading of that cause of action is in the Louisiana Case. The pleadings of appellee in Count II of their cross action cannot be considered as a substitute for any pleading by appellant, and did not legally invoke the jurisdiction of the trial court "to determine that Gurvich's medical malpractice against them and Defendant Radiologists is without merit," as alleged by appellees in Count II. A controversy between appellant and appellees as to the latter's alleged medical malpractice was simply not pending before the trial court in the Texas Case on the date that the temporary injunction was granted. There was no jurisdiction for the trial court to protect. The trial court erred as a matter of law in granting the temporary injunction since its jurisdiction to grant the same had not been legally invoked by legally sufficient pleadings. The allegations of appellees in their cross action against appellants give no aid in support of the trial court's jurisdiction over appellant's claim for damages against appellees or medical malpractice now pending in the Louisiana Case. *See Mingus v. Wadley*, 115 Tex. 551, 235 S.W. 1084 (1926).

### THE MULTIPLICITY OF SUITS QUESTION

Appellees contend that the trial court's order should be affirmed in order to prevent a multiplicity of suits with possible conflicting results. They assert that the medical malpractice action should be prosecuted in one suit; and, since the defendant radiologists are not amenable to process in Louisiana, then it becomes apparent that the Nueces County action is the only one which would allow a complete, rather than piecemeal, resolution of appellant's cause of action. However, appellant has not, as yet, asserted any medical malpractice claim against appellees in Nueces County. Furthermore, there exists a grave doubt as to whether he could successfully do so at this time.

In order to succeed in prosecuting a malpractice claim in Texas, appellant would have to establish that he has, at that time, a right to maintain an action and recover damages under the laws of our State. This right does not exist where the claim is barred by any applicable statutes of limitation. *See Francis v. Herrin Transportation Company*, 432 S.W.2d 710 (Tex.1968). We believe there is a serious question as to whether appellant's claim against the appellees may be barred by limitations in an action which might be filed in Texas. While we can find no Texas authority on the issue, it would appear that appellant's commencement of his action against appellees in Louisiana does not toll the running of the statute of limitations applicable to appellant's asserting the same cause of action in Texas. *See* 54 C.J.S. Limitations of Actions § 299 (1948). *See also Overfield v. Pennroad Corporation*, 146 F.2d 889 (3rd Cir.1944); *Howard v. Allen*, 30 Ohio St.2d 130, 283 N.E.2d 167 (1972).

█ Furthermore, excluding appellee's suits against appellant for debt, which are now pending in the state courts of both Louisiana and Texas, there exists only one controversy between appellant and appellees, namely, the medical malpractice action, which was not before the trial court in the Texas Case when the temporary injunction was granted. As noted, that action was pending in the Louisiana Case when the injunction under attack was granted. Therefore, there is no basis for enjoining appellant from prosecuting his suit in the Louisiana court on the ground that such is warranted in order to prevent a multiplicity

of suits. The granting of the injunction in order to prevent a multiplicity of suits would constitute an abuse of discretion.

## THE PROBABLE RIGHT TO PREVAIL QUESTION

While it is settled that an applicant for a temporary injunction is not required to establish at the hearing on such application that he will finally prevail in the litigation, it is also recognized that there is a risk of injustice to a party if he is immobilized from a course of conduct he may have the legal right to pursue; "and that this calls for the further rule that the trial court abuses its discretion when the law is misapplied to established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526, 528 (Tex.1975).

In the instant case, there is no evidence which indicates that appellees will likely prevail in a trial anywhere on the merits of appellant's claim against them for medical malpractice, that there will be any probable injury in the interim, or that appellees will have no adequate remedy at law. For that reason, it was error as a matter of law to grant the temporary injunction.

## THE FORUM NON CONVENIENS QUESTION

One of the reasons set out by the trial court in its order granting the temporary injunction in this case was to permit a final adjudication of the controversy in the most convenient forum by the only court having all parties before it. However, if, under the doctrine of Forum Non Conveniens, a serious question arises as to whether the Texas court should retain jurisdiction of the case, it could amount to an abuse of discretion to enjoin the prosecution of the case in a convenient foreign jurisdiction. The factors to be considered in resolving the question are set out in *Flaiz v. Moore,* 359 S.W.2d 872 (Tex.1962). In summary, they are: 1) the private inter-

est of the litigant; 2) the ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; 4) the ability to give effective relief; 5) whether foreign law must be applied to the facts of the case, and, if so, whether it is so dissimilar to the laws of this state as to be difficult as incapable of enforcement here. Applying those factors to the case at bar: 1) appellant is a Louisiana resident and appellees invoked the jurisdiction of Louisiana, thus insuring that they would have a right to seek their claim for medical bills in the jurisdictional residence of appellant; 2) potentially, there are witnesses and records located in *both* Louisiana and Texas according to the testimony of Dr. Tyree, and the record does not show that either party would be effectively prevented from having access to such witnesses or records; 3) there is no evidence in the record to show that appellees could not compel the attendance of any witnesses or that any witnesses would be unwilling to attend, or that they would not be able to obtain discovery from any such witnesses; 4) the evidence indicated appellees knew they could obtain relief for their medical bills in both Texas and Louisiana, as well as all other relief being sought; and 5) there is no proof that the laws of Louisiana and Texas differ or that the law of Texas could not be applied effectively in Louisiana.

It has been said that the Doctrine of Forum Non Conveniens should be applied with caution and only for good reasons; and unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946); *Van Winkle-Hooker Company v. Rice,* 448 S.W.2d 824 (Tex.Civ.App.—Dallas 1969, no writ).

There is no evidence in the record to show that Corpus Christi is the most convenient forum for witnesses; on the contrary, the record indicates that testimony will be necessary from experts and indi-

viduals residing in Louisiana, because of the subsequent medical care required by appellant. It would be an abuse of discretion to grant the temporary injunction under the doctrine of Forum Non Conveniens.

Appellees, in support of their position that the trial court properly granted the temporary injunction, rely on the case of *Barr v. Thompson,* 350 S:W.2d 36 (Tex.Civ. App.—Dallas 1961, no writ), where the Texas court enjoined certain persons from prosecuting a civil action previously filed and then pending in the state of Delaware. That case is distinguishable from the instant case in at least three important particulars. *First,* all parties and all issues were before the Texas Court for final adjudication, whereas all parties and all issues were not before the Delaware Court for final adjudication at the time the injunction was granted. *Second,* the Texas plaintiffs who filed the suit in Delaware could not accomplish in Delaware what they were trying to accomplish without recourse to other suits in the Florida and Texas Courts, or both, thereby resulting in a multiplicity of suits. *Third,* the facts of the case dictated that the case be tried in the Texas Court (Dallas) under the Doctrine of Forum Non Conveniens. None of those conditions or situations are present in this case. Here, the medical malpractice issue of appellees was not before the trial court for final adjudication, and no basis for granting the injunction in order to avoid a multiplicity of suits was shown; nor are there any facts presented by the record which would authorize the granting of the injunction under the doctrine of Forum Non Conveniens.

Here, there is no clear equity which justifies the granting of the injunction. We hold that the granting of the temporary injunction constituted an abuse of discretion. We sustain appellant's first four points of error, and, in view of that action, it is not necessary that we consider his fifth and sixth points (factually insufficient evidence points). TEX.R.CIV.P. 451. There is no reason, legal or equitable, why the Louisiana Court should not be allowed to proceed and dispose of appellant's medi-cal malpractice claim against appellees without interference by a Texas court.

The judgment of the trial court is REVERSED and the temporary injunction is DISSOLVED.