C. Diane **CHRISTENSEN, Manzanita Management Corporation, and Allen D. Christensen, Trustee of the Allen D. Christensen Family Trust, Appellants,**

v.

**INTEGRITY INSURANCE COMPANY, Appellee.**

No. A14–85–337–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 1986.

Rehearing Denied April 3, 1986.

Richard A. Schwartz, Andrew W. Miller, Fred Wahrlick, Houston, for appellants.

William J. Eggleston, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

The opinion of January 16, 1986, is withdrawn and the following opinion substituted.

This is an accelerated appeal from a temporary injunction restraining appellants from further prosecuting a California action against appellee and others until a final judgment is entered in a concurrent Texas suit. We affirm the trial court's order.

Both lawsuits involve disputes concerning the insurance adjustment of damage to the Town Lake Village Apartments. This damage was caused by Hurricane Alicia in August 1983 and subsequent freezing weather in December of that year.

Appellants C. Diane Christensen (Christensen), Allen D. Christensen, trustee, and Manzanita Management Corporation (Manzanita) are California residents. Christensen owns the Town Lake Village Apartments. Manzanita is her authorized representative for managing the premises.

Appellee Integrity Insurance Company (Integrity), a New Jersey corporation, insured the apartments under an "all risks" property damage policy issued in California by M.T.S. Insurance Services (M.T.S.). M.T.S., as Integrity's managing agent, had the policy delivered through intermediary brokers to Christensen.

M.T.S. received notice of the property loss in August of 1983. Integrity secured GAB Business Services (GAB) of Los Angeles to adjust the hurricane damage claim. GAB sent its employee W.L. Mercer (Mercer), a California resident, to Texas to inspect and adjust the loss.

Mercer selected Harrison Construction & Lumber Co. (Harrison Construction), a Texas corporation, to prepare a repair estimate of the premises. In October of 1983, Harrison Construction and Christensen signed a repair contract and Harrison began work.

In December of 1983, the premises suffered freeze damage, and M.T.S. received notice of this claim in California. Integrity again secured GAB's services and Mercer was sent to Texas in January of 1984 to adjust this claim. Integrity subsequently replaced Mercer with Rob-Nel Construction Company for appraisal of the freeze damage claim.

Appellants contend that settlement negotiations in California between Christensen and Integrity continued until appellants unexpectedly learned that Integrity had filed

suit against them in Harris County on April 12, 1984.

Integrity's amended petition named as defendants the appellants here, GAB and Mercer, Harrison Construction, its president Ray Harrison (Harrison) and its estimator Doug Trammel (Trammel), William Benevento (Benevento) of Manzanita, Thomas Stovall, architect, and Stovall's employer, the Starnes Group.

Integrity alleged that these defendants caused it to substantially overpay the insurance loss. Integrity based its cause of action on fraud, conspiracy to commit fraud, breach of fiduciary duty due to negligence and intentional misrepresentation, negligence and gross negligence in adjusting and estimating the losses, breach of warranty for failure to take protective safeguards against further losses, and requested declaratory relief.

Appellants filed their suit on April 18, 1984, in California, four days after Integrity had filed its suit in Texas. Appellants' amended complaint named Integrity, GAB, Mercer, M.T.S. and its three individual owners and its claims manager, and others as defendants.

Appellants alleged breach of the insurance contract, breach of a covenant of good faith and fair dealing, conspiracy to violate and violations of the California Insurance Code and the California Unfair Insurance Practices Act, fraud, conspiracy to commit fraud, and negligent misrepresentation. They requested declaratory relief and benefits due under the policy, damages, punitive damages and attorney's fees.

Integrity responded to appellants' California suit by filing a motion to dismiss based upon forum non conveniens. This motion was denied by the California Superior Court.

On February 7, 1985, Integrity countered this denial of its motion by filing an application for a temporary restraining order and injunctive relief in Texas to enjoin appellants from further prosecuting their California action. Integrity's application was granted and Christensen filed motions to dissolve the temporary restraining orders, which the District Court denied.

Christensen filed special exceptions to appellee's First Application and its Second Amended Application contending that the parties in the two suits were different, that several issues presented and various relief requested in California could not be disposed of by the Texas court. These exceptions were denied. The Texas court entered a temporary injunction order on April 15, 1985.

Appellants allege in points of error one through five an abuse of discretion by the trial court in entering the temporary restraining order in appellee's favor. There is no appeal, however, from a temporary restraining order. *Lord v. Clayton,* 163 Tex. 62, 352 S.W.2d 718 (1961). Moreover, the temporary restraining order had expired by the time the trial court granted the temporary injunction, rendering any error concerning the restraining order moot. *Arvol D. Hays Construction v. R & M Agency Group,* 471 S.W.2d 628 (Tex.Civ. App.—Fort Worth 1971, writ ref'd n.r.e.). We overrule these points of error.

Appellants' sixth through eighth and thirteenth points of error are related and therefore will be addressed together. In the sixth point of error, appellants contend the trial court abused its discretion in granting the temporary injunction in appellee's favor. Appellants allege the abuse resulted from appellee's failure to demonstrate a clear equity in its favor which would support the injunction. Further, appellants contend that dissimilarity of parties and issues in both suits would preclude the Texas court from affording the parties complete relief.

Appellants' seventh point of error disputes the trial court's finding that the parties and issues are the same in both suits. In their eighth and thirteenth points of error, appellants allege the trial court erred in concluding Texas law was not so dissimilar as to deny appellants complete relief concerning causes of action asserted in their California suit. Appellants assert the Texas court cannot give them complete re-

lief because it does not recognize certain actions recognized in California.

Although the parties in both suits are not identical, Texas law does not require complete identity of parties to enjoin a suit in another court based upon the same subject matter. *See Dickerson v. Hopkins*, 288 S.W. 1103 (Tex.Civ.App.—San Antonio 1926, no writ). In *Dickerson*, the court held that such an injunction would stand where it "did not purport to affect other causes of action than those involving the very subject matter of this suit...." *Id.* at 1106. It is undisputed that both the California and Texas suits involve the same insurance claim adjustments related to the Town Lake Village Apartments.

■ Regardless of the differences in parties, a district court may enjoin a party from prosecuting a suit in another court when necessary to prevent multiple suits concerning the same subject matter. *University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426 (1961). When suits involving the same subject are pursued in multiple jurisdictions, an injunction is an appropriate device to prevent inconsistent rulings and substantial inconvenience to parties and witnesses. *Jacobsen v. Jacobsen*, 695 S.W.2d 44 (Tex.App.—Corpus Christi 1985, no writ). The court may enjoin such a redundant suit to protect its jurisdiction and enable it to render complete and final justice between the parties. *V.D. Anderson Co. v. Young*, 128 Tex. 631, 101 S.W.2d 798 (1937).

A trial court has broad discretion to enter a temporary injunction. An injunction should stand unless a clear abuse of discretion exists. *Texas Foundries, Inc. v. International Molders and Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Karamchandani v. Ground Technology*, 678 S.W.2d 580 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). Abuse of discretion is more than mere error; it amounts to arbitrary and unreasonable action. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). The injunction must be sustained if the record reveals that appel-

lee established a probable right of recovery and a probable harm in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216 (Tex. 1968); *City of Houston v. Southern Water Corp.*, 678 S.W.2d 570 (Tex.App.—Houston [14th Dist.] 1984, no writ).

When reviewing a temporary injunction order, this Court must indulge all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *David v. Bache Halsey Stuart Shields, Inc.*, 630 S.W.2d 754 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Since both suits involve the same subject matter, the trial court was well within its discretion to enjoin appellants from prosecuting their California action to avoid a multiplicity of suits. Appellants' points of error six and seven concerning the dissimilarity of parties in the California and Texas suits are overruled.

We return again to appellants' sixth through eighth and thirteenth points of error to address the question of dissimilarity of issues between the two suits.

Appellants assert that Texas courts refuse to recognize certain causes of action pursued by appellants in California, specifically: (1) a breach of the covenant of good faith and fair dealing, (2) unfair claim settlement practices, and (3) wrongful cancellation of an insurance policy. Further, appellants contend that while California recognizes tort and punitive damages under contract law, Texas refuses to permit such damages in suits involving contracts. *See Amoco Production Co. v. Alexander*, 622 S.W.2d 563 (Tex.1981) (no punitive damages); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W.2d 388 (Tex.Civ. App.—El Paso 1965, no writ) (recovery under contract law only).

California, however, permits a party to recover under the above causes of action tort damages, lost profits and income, punitive damages and attorneys' fees. *See Brandt v. Superior Court of San Diego County*, 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985); *Egan v. Mutual of*

*Omaha Insurance Co.*, 24 Cal.3d 809, 157 Cal.Rptr. 482, 598 P.2d 452 (1979).

Appellants cite *English v. Fischer*, 660 S.W.2d 521 (Tex.1983) for the proposition that Texas refuses to recognize the breach of an implied covenant of good faith and fair dealing. In *English*, the Texas Supreme Court refused to accept the theory that every contract contains an implied covenant whereby neither party will do anything to injure the right of the other party to receive benefits of the agreement. *Id.* at 522. The Texas Supreme Court has stated that it would refuse to enforce only that foreign law which violates good morals or natural justice or is prejudicial to the general interests of Texas citizens. *Robertson v. McKnight*, 609 S.W.2d 534 (Tex. 1980). The Texas Supreme Court has also held that our courts may not refuse to recognize and enforce a right provided by the laws of another state or country merely because a plaintiff would receive no relief if Texas law were applied to the same facts. *Flaiz v. Moore*, 359 S.W.2d 872 (Tex.1962).

Although the *English* decision rejected the idea that every contract contains an implied covenant of good faith and fair dealing, it did not abolish the duty of good faith and fair dealing previously found in case law where certain special relationships exist. *Aetna Casualty & Surety Co. v. Marshall*, 699 S.W.2d 896 (Tex.App.— Houston [1st Dist.] 1985, no writ).

One such special relationship has existed between insurers and their insured. Texas courts have long held that insurance contracts may create a special relationship between the parties that includes the duty of good faith and fair dealing. *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, opinion adopted).

We note that Texas has not legislatively provided for a private cause of action by individuals injured by unfair settlement practices. *Lone Star Life Insurance v. Griffin*, 574 S.W.2d 576 (Tex.Civ.App.— Beaumont 1978, writ ref'd n.r.e.). We must consider whether the causes of action

founded upon a breach of covenant of good faith and fair dealing or unfair insurance claims practices are so alien to Texas jurisprudence that Texas courts cannot effectively render judgment on such actions.

An analysis of Texas statutory law reveals that the Texas Insurance Code proscribes a wide range of practices by an insurer and provides remedies for injuries suffered as a result thereof. Tex.Ins.Code Ann. art. 21.21(4), (16) (Vernon 1981). Texas recognizes an obligation of good faith on the part of all parties to sales contracts. Tex.Bus. & Com.Code Ann. § 1.203 (Vernon 1968). *See also Amoco Production Co. v. First Baptist Church of Pyote*, 611 S.W.2d 610 (Tex.1980) (oil leases); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509 (1942) (agency); *Schlitter v. Smith*, 128 Tex. 628, 101 S.W.2d 543 (1937) (oil interest); *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, opinion adopted) (insurance).

Texas courts have expressly held insurance carriers liable for unfair and deceptive acts and practices under art. 21.21. *See Aetna Casualty & Surety Co. v. Martin Surgical Supply Co.*, 689 S.W.2d 263 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In *St. Paul Insurance Co. v. McPeak*, 641 S.W.2d 284 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (op. on reh'g), a cause of action against an insurance carrier for unfair settlement practices under art. 21.21 was recognized and severed from a worker's compensation claim.

Under the two contested causes of action discussed above, appellants pray for damages of $25,110,000. Among these damages, appellants seek to recover punitive and various tort damages not recognized under contract law in Texas. Although these particular damages are not recognized in Texas contract law, the Texas Deceptive Trade Practices Act provides certain consumer remedies for actual damages. The treble damages provision of the DTPA theoretically might well equal or exceed recovery possible under California

law. Tex.Bus. & Com.Ann. § 17.50 (Vernon Supp.1985).

In choice of law questions, except where parties to a contract have included a choice of law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).

An analysis of the facts before us clearly indicates that Texas has the most significant relationship to the disputed claim adjustment issue. The Town Lake Village Apartments are located in Harris County. The reconstruction work occurred in Harris County. This work involved local architects, contractors and workers. The inspection of the property and the claim adjustment occurred in Harris County. The contract for the disputed claim adjustment between Mercer and Harrison Construction was negotiated and signed in Harris County. The construction company and architectural firm are not amenable to process in California. Witnesses to the initial hurricane damage and to the subsequent freeze damage generally resided in Harris County. Numerous files and persons associated with several aspects of the disputed claim reside in Harris County.

We hold that the causes of action, that appellants assert cannot be prosecuted in Texas, are not so alien to Texas law as to preclude prosecution in Harris County. Furthermore, the Texas court could provide for and enforce the causes of action and relief provided by California statute. Accordingly, we overrule points of error six, seven, eight and thirteen as they relate to dissimilarity of issues.

■ We next address appellants' contentions in points of error nine through twelve concerning forum non conveniens. The forum non conveniens doctrine permits a court to declare jurisdiction asserted by the plaintiff. *Flaiz v. Moore*, 359 S.W.2d 872 (Tex.1962), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). It is an equitable and procedural rule which does not determine jurisdiction. The doctrine permits a court with

jurisdiction to decline to exercise its powers when another jurisdiction is better able to act. *Van Winkle-Hooker Co. v. Rice*, 448 S.W.2d 824 (Tex.Civ.App.—Dallas 1969, no writ). A party may invoke the doctrine on grounds related to either the parties or subject matter or both. Further, where foreign law is so different from Texas law so as to render our courts incapable of enforcement or administration of the suit, the doctrine is applicable. *Continental Oil Co. v. P.P.G. Industries, Inc.*, 504 S.W.2d 616 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Where serious questions exist concerning an injunction against prosecuting the suit in another convenient forum, an abuse of discretion could result should the Texas court retain jurisdiction under the forum non conveniens doctrine. *PPG Industries, Inc. v. Continental Oil Co.*, 492 S.W.2d 297 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

Appellants claim in point of error nine that the trial court abused its discretion in granting the temporary injunction because California was a convenient forum. Appellants' tenth point of error claims that appellee was collaterally estopped from relitigating the forum non conveniens issue. Their eleventh point of error alleges error by the trial court in placing the burden of proof regarding forum non conveniens upon appellants. Appellants contend in their twelfth point of error that because the California court had conclusively established California as a convenient forum, it was error for the Texas court to find otherwise.

■ Points of error nine and twelve presuppose a determination by the California court that its jurisdiction amounts to a convenient forum and that Texas was an inconvenient forum. The record before us contains an order by the California court holding that California is a convenient forum and denying appellee's motion to stay the California suit on forum non conveniens grounds. A close examination of the California order reveals no determination that Texas is not a convenient forum or

that California is a more convenient forum. This California order is limited only to appellants' California action and it makes no mention of appellee's Texas action or whether Texas is an inconvenient forum for appellants to defend against appellee's action. Appellants contend there was no evidence or insufficient evidence to support the trial court's findings concerning forum non conveniens.

Our sole function as an appellate court is to determine whether the trial court abused its discretion in granting the injunction. *Houston Independent School District v. City of Houston,* 443 S.W.2d 49 (Tex.1969). When reviewing a "no evidence" point of error, this Court must consider only that evidence and inferences from it which tend to support the lower court's findings. We must consider such evidence and inferences in the light most favorable to the findings below, and disregard all evidence and inferences to the contrary. The point of error must be overruled if there is any evidence of probative force to support it. *Transport Insurance Co. v. Mabra,* 487 S.W.2d 704 (Tex.1972); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). When reviewing an "insufficient evidence" point of error, this Court must consider all evidence in the record before it. The finding will be set aside only if supporting evidence is so weak or contrary evidence is so overwhelming that justice so requires. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *J.M.R. v. A.M.,* 683 S.W.2d 552 (Tex.App.— Fort Worth 1985, writ ref'd n.r.e.). Under either review standard, we find sufficient evidence to support the trial court's findings. We overrule appellants' ninth and twelfth points of error.

■ We now address point of error ten which attempts to apply the doctrine of collateral estoppel to appellee's forum non conveniens arguments. We notice that collateral estoppel precludes the relitigation of *identical* issues actually litigated in a prior action. *Wilhite v. Adams,* 640 S.W.2d 875 (Tex.1982). A party must establish under collateral estoppel that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (Tex.1984).

■ The issue litigated in California involves appellants' suit against appellee in California. The California action had nothing to do with whether Texas was a convenient forum for Integrity to prosecute its cause of action against appellants. Appellee's motion to stay filed in response to appellants' California suit addressed the issue of *California* as a convenient forum for *appellants'* action. Appellee's injunction application filed in its Texas suit addressed the issue of *Texas* as a convenient forum for *appellee's* action. The issues addressed were not identical. Therefore, the doctrine of collateral estoppel is inapplicable here. Point of error ten is overruled.

■ Appellants' eleventh point of error states that the trial court erred in placing the burden of proof on them to show Texas was an inconvenient forum. Appellants' assertion is wrong. They are attempting to show that Texas is an inconvenient forum. In Texas, the burden is on the party alleging forum non conveniens to show evidence which would authorize dismissal. *Continental Oil Co. v. P.P.G. Industries, Inc.,* 504 S.W.2d at 622. We overrule appellants' eleventh point of error.

Appellants' fourteenth and fifteenth points of error allege a lack of evidence to support certain findings by the trial court. The fourteenth point asserts that the court erred in finding that a majority of witnesses reside within 100 miles of Harris County. The fifteenth point alleges error by the court in finding Harris County to be a convenient forum. Appellants argue that either no evidence or insufficient evidence exists to support the trial court's findings concerning witness locations and the convenience of Harris County as a forum. We have previously discussed the evidentiary standards appellants assert are lacking.

■ The record clearly indicates that all the workers involved in the reconstruction of the premises were hired in or around Harris County. Some 150 workers were involved in the work. Several more witnesses reside or are employed in Harris County, to-wit, Harris Construction and Rob-Nel Construction. Manzanita and the Starnes Group are Texas corporations. Their places of business are located within 100 miles of Harris County or in the county itself. Christensen as a property owner in Harris County is amenable to suit here. Although Mercer and his employer G.A.B. are California residents, Mercer's contacts within Texas make him amenable to process. Additionally, several hundred witnesses who saw first-hand the damage now being disputed were residents of the Town Lake Village Apartments. They were or are residents of Harris County. There certainly is probative evidence to support the finding that a majority of witnesses reside within 100 miles of Harris County. The fourteenth point of error is therefore overruled.

■ Appellants' fifteenth point of error alleges error by the trial court in concluding that Harris County is a convenient forum. Several factors must be considered in applying the doctrine of forum non conveniens: (1) the private interest of the litigant, (2) ease of access to sources of proof, (3) availability of compulsory process for attendance of the unwilling and the cost of obtaining both willing and unwilling witnesses, (4) whether foreign law must be applied and whether it is so dissimilar to Texas law as to be difficult or incapable of enforcement in Texas, (5) ability to give effective relief, (6) where the suit was first filed, (7) locations of witnesses, and (8) where the particular contract was signed. *Flaiz v. Moore,* 359 S.W.2d 872 (Tex.1962); *PPG Industries, Inc. v. Continental Oil Co.,* 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

The private interest of appellee is to determine if it substantially overpaid appellants' claim. The sources of proof predominantly exist in Harris County. Hundreds of potential witnesses who viewed the damage live in or near Harris County. Nearly 150 employees of Harris Construction and Rob-Nel Construction live in or near Harris County. These individuals would be the best sources of proof as to the damages associated with the hurricane and the freezing pipes. Several hundred residents of the apartments are much more accessible in Texas rather than California.

We have determined that California law is not so dissimilar from Texas law as to preclude appellants' effective relief.

Both the California and Texas suits arise from substantially the same subject matter. Appellee filed its suit in Texas four days prior to appellants' filing of their suit in California.

■ We find that there was adequate evidence for the trial court to determine that Harris County is a convenient forum for litigating the controversy. We overrule point of error fifteen.

We further overrule points of error sixteen and seventeen because the trial court was correct in issuing the temporary injunction order to protect its jurisdiction and to avoid a multiplicity of suits concerning the same subject matter.

The appellants' motion for rehearing is overruled. The judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent.

A Texas court clearly has the power to protect its jurisdiction by enjoining the prosecution of a suit subsequently filed involving the same controversy. The application of that power to actions subsequently filed in sister states, however, should be exercised sparingly and only by reason of special circumstances. *Gannon v. Payne,* 706 S.W.2d 304 (Tex.1986). The power should be used only where a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice. *PPG Industries v. Continental Oil Co.,* 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

I do not believe a clear equity was present which would support the trial court's injunction. The dissimilarity in parties and issues will prevent the Texas court from affording complete relief and will not prevent a multiplicity of suits.

Though the California and Texas actions indisputably involve the same subject matter, the parties and issues are not the same. Notwithstanding its acknowledgment of a California cause of action that is not recognized in Texas, the majority concludes the Texas court can afford complete relief. However, the trial court's order will not prevent a multiplicity of suits, and the complete relief envisioned in the majority opinion is not likely.

Quite simply, no clear equity justifying the grant of the injunction is present. The trial court exceeded the restraint appropriate in this exceptional circumstance of enjoining an action in a sister state.

I further believe the majority misapprehends the doctrine of forum non conveniens. The doctrine of forum non conveniens is invoked by a party *defendant* contending that a court should decline to exercise jurisdiction. *Flaiz v. Moore*, 359 S.W.2d 872 (Tex.1962). "The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction...." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). Appellee quite properly invoked the doctrine in California, urging the California court to decline to exercise its jurisdiction. The court denied Appellee's motion. Appellee appealed that ruling and the California Court of Appeals upheld the trial court's finding that California *was* a convenient forum.

After losing on the issue in California, Appellee again pleaded forum non conveniens in Texas, not as a defendant asking the Texas court to decline jurisdiction, but as a plaintiff using an improper tool to support the issuance of an injunction against the California action. Having raised the issue of forum non conveniens in the inappropriate forum, Appellee has been successful in convincing the trial court and the majority of this court that the parties who did not raise the issue of forum non conveniens, and who argued for exclusion of evidence on the issue, nonetheless had the burden of proof on the issue.

Typically, forum non conveniens is a defensive issue to gain dismissal or transferral of a case to another, more convenient forum. *See Flaiz v. Moore*, 359 S.W.2d 872 (Tex.1962). In the *Texas* court, however, Appellee raised forum non conveniens, not to gain dismissal or transfer, but to show that *California* was an inconvenient forum. The majority contends the trial court did not find California an inconvenient forum. However, without determining California inconvenient, how can the trial court determine a clear equity in Appellee's favor which required enjoining further California action? Asserting the Texas court only found Texas was a convenient forum begs the issue, ignores the reality, and misapplies the doctrine.

Generally speaking, where a cause of action may be filed in either of two courts, the court first acquiring jurisdiction will retain jurisdiction. *Gurvich v. Tyree*, 694 S.W.2d 39, 43 (Tex.App.—Corpus Christi 1985, no writ). Appellee filed first in Texas; however, it appears Appellee was aware of Appellants' intent to file a lawsuit and caused a delay of Appellants' lawsuit on the pretext of settlement. With Appellants temporarily placated, Appellee then made its rush to the courthouse to be first to file. It is undisputed that the issue of forum non conveniens was first raised and adjudicated in California. The Texas trial court then refused to recognize California's prior adjudication. I believe the trial court erred in failing to defer to California's prior refusal to dismiss on the doctrine of forum non conveniens. We should have given full faith and credit to the orders and decrees of our sister state.

If, under the doctrine of forum non conveniens, a serious question arises as to whether a Texas court should retain jurisdiction, an injunction prohibiting trial in a convenient foreign jurisdiction is a clear abuse of discretion. *PPG Industries*, 492

S.W.2d at 300. Appellants raised serious questions concerning parties and issues. California had previously been determined a convenient forum. The action of this trial court opens the door to California's injoining Appellee from proceeding with its lawsuit in Texas. Without a recognition of the findings and rulings of courts of foreign jurisdiction, the parties could be in a situation where neither party could proceed to judgment or where neither jurisdiction would recognize the judgments of the other. *Gannon v. Payne,* 706 S.W.2d at 306.

I would dissolve the temporary injunction because its grant was a clear abuse of discretion.